William T. CAPPS, Jr.,

v.

The UNITED STATES.

No. 50425.

United States Court of Claims.

Jan. 31, 1956.

---

1. Weston Biscuit Company, Inc., Megowan-Educator Food Company and Sunshine Biscuits, Inc.

Paul R. Harmel, Washington, D. C., for plaintiff. Geiger & Harmel, Washington, D. C., were on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on exceptions to the Commissioner's report and for a decision on the merits.

Plaintiff originally enlisted in the Pennsylvania National Guard. His unit was called into Federal Service on February 17, 1941, and he was commissioned in the Reserve Corps on October 9, 1942. While serving as a commissioned officer, he became incapacitated and was retired on a finding by a retiring board that he was permanently incapacitated for further service, but that his incapacity was not an incident of the service, which findings were approved by the Secretary of War and the President. He says that his incapacity was an incident of the service and he sues for the retired pay to which he says he is entitled under the law.

The Retiring Board found that the cause of plaintiff's incapacity was hypertrophic arthritis, and that "said incapacity originated about October 1941," but because at that time plaintiff was serving as an enlisted man, the Retiring Board held that his incapacity was not "the result of an incident of service." This holding was required by an Army regulation holding that a reserve officer was not entitled to be retired for physical disability which had originated during the time he had served as an enlisted man.

Plaintiff took an appeal to the Secretary of War's Disability Review Board, which affirmed the finding of the Retiring Board. The Secretary of War and the President approved these findings and plaintiff was retired without retirement pay on May 8, 1944.

Thereafter, on August 3, 1950, the Secretary of the Army reversed his previous ruling that a reserve Army officer was not entitled to be retired with pay on account of an injury sustained during his service as an enlisted man. The Secretary of War's ruling follows:

"1. I have this date changed the administrative interpretation of the act of 3 April 1939, with reference to the determination of the line of duty status in cases of non-Regular Army Officers and warrant officers, so that it will conform to the method authorized in cases of regular Army officers and enlisted men.

"2. The purpose of this action is to correct the unjust situation which has resulted in the case of officers, who incurred injuries and disease while serving as enlisted men, being denied the right of retirement as an officer. It is the intent of this change to insure in instances of continuous service where the cause of an individual disability originated during enlisted service but where the actual incapacities occurred during warrant or commissioned service, that such incapacities shall be regarded as an incident of the officer's service.

"3. It is requested that necessary action be taken to inform all concerned of this change and to revise Department of the Army Memo 400–80–1 accordingly."

The Adjutant General then notified plaintiff of this ruling of the Secretary of War and advised him of his right to apply for further consideration of his case by the Army Disability Review Board.

Plaintiff applied for review and this Board held a hearing, which was adjourned from time to time in order to secure additional evidence. Finally, however, on June 1, 1951, this Board reversed its previous finding "that said incapacity originated about October 1941," and held that "the date of origin of the incapacitating defect was prior to entrance into military service," that is, prior even to his enlisted service.

The sole basis for this action of the Disability Review Board was plaintiff's testimony before the Retiring Board and the Disability Review Board that he had suffered a fall while roller skating in the fall of 1940, prior to his active military service, and had hurt his back, from which he did not recover for about three days. However, the Army doctors who had examined plaintiff had testified before the Retiring Board on November 25, 1943 that this fall had nothing to do with plaintiff's physical condition in 1943.

■ We held in Carlin v. United States, 100 F.Supp. 451, 121 Ct.Cl. 643; Spencer v. United States, 102 F.Supp. 774, 121 Ct.Cl. 558, certiorari denied 344 U.S. 828, 73 S.Ct. 29, 97 L.Ed. 644; and in Girault v. United States, D.C., 135 F.Supp. 521, on motion for a rehearing, decided November 8, 1955, that the findings of a retiring board, approved by the Secretary of War, were final and could not be reopened except upon the ground of newly discovered evidence, mistake of law, mathematical miscalculation, or fraud. In the case at bar the Retiring Board found that the inception of plaintiff's disability was in October 1941, when he caught his foot in a barbed wire fence and fell, injuring his back. In arriving at this finding, the Board had before it evidence of the fact that plaintiff had fallen a year before while roller skating, and the testimony of the Army doctors that this had nothing to do with plaintiff's incapacity in 1943. On this evidence, the Board found that the inception of plaintiff's disability was not in 1940 when he fell while roller skating, but in October 1941 when he caught his foot in the barbed wire fence. This finding was affirmed by the Disability Review Board, and was approved by the Secretary of War.

This finding of fact was final, in the absence of newly discovered evidence or fraud, neither of which is asserted in this case.

■ But the Board's conclusion of law from the facts it had found was not

final, because it was contrary to law, as the Secretary of War later determined. Section 5 of the Act of April 3, 1939, 53 Stat. 557, as amended, 10 U.S.C.A. § 456, which is quoted in a note below,[1] intended to give to reserve officers called into active service the same retirement rights as regular officers, and regular officers had long been held to be entitled to retirement pay whether the inception of their disability was during their enlisted service or during their commissioned service.

■ When the Secretary of War concluded that his former regulation was contrary to law, it was within his power to set aside his decision denying this officer retirement rights, and to render that decision required by the law and the facts found by the Boards. To do this, it was entirely unnecessary for him to refer the matter to the Disability Review Board. He could have acted then and there on the facts already found. These findings of fact, in the absence of newly discovered evidence or fraud, and the like, were final and conclusive and could not be changed. On the second hearing the Disability Review Board had no power to change these findings of fact, no newly discovered evidence having been presented. Its sole power was to reverse, subject to the approval of the Secretary, the former erroneous conclusion drawn from those facts.

■ Since we are in agreement that the original action of the Retiring Board and of the Disability Review Board and of the Secretary in approving them, in holding that this officer's disability had not been incurred in line of duty, was contrary to law, we must set it aside and render that decision which the law and the facts require.

We hold that, this officer's disability having been incurred in line of duty during his military service, he is entitled to be retired with pay as provided for by law.

Plaintiff is entitled to recover retired pay from the date of his discharge on May 8, 1944.

But defendant says we have no jurisdiction to decide the issue presented because plaintiff's claim is barred by the statute of limitations. Plaintiff was discharged by order of the Secretary of War on May 8, 1944. If this action was wrongful, plaintiff had six years from this date to resort to this court for a correction of the wrong. He did not do this within that time. Ordinarily this would bar his right of action here.

But an unusual thing happened in this case. The tribunal that was vested by statute with the right to decide retirement rights of officers, and which had issued the regulation on the basis of which plaintiff was denied his rights, decided that the regulation was wrong, and changed it to accord to officers such as plaintiff the rights to which they were entitled under the statute. Not only this, but it then notified plaintiff he had a right to ask for reconsideration of his case. This was the tribunal which had the right to decide plaintiff's case originally, and, at least in its view, to decide it later after its erroneous regulation had been changed.

Then when it came to pass on plaintiff's case in the light of the new regulation, it did what we have held it had no right to do, to wit, it reversed its former finding of fact.

This erroneous action, we think, gave plaintiff the right to come into this court for redress of the wrong done him on this last hearing of his case. Plaintiff

1. "All officers, warrant officers, and enlisted men of the Army of the United States, other than the officers and enlisted men of the Regular Army, if called or ordered into the active military service by the Federal Government for extended military service in excess of thirty days, other than for service with the Civilian Conservation Corps, and who suffer disability or death in line of duty from disease or injury while so employed shall be deemed to have been in the active military service during such period and shall be in all respects entitled to receive the same pensions, compensation, retirement pay, and hospital benefits as are now or may hereafter be provided by law or regulation for officers and enlisted men of corresponding grades and length of service of the Regular Army, including for their dependents the benefits of section 903 of this title."

brought his action within six years from this time.

Plaintiff's right to resort to this court is based solely on the denial of his statutory right to retirement by the tribunal vested with authority to decide his claim. We had no right to decide his claim in the first instance; our jurisdiction arose only after this tribunal had finally acted.

The suggestion of the Secretary of War that plaintiff's case be reopened shows he was not through with it. He did not get through with it, as it finally turned out, until the second decision of the Disability Review Board on June 1, 1951, and his approval of its action. It was then that our jurisdiction began. Plaintiff's action was brought within six years from this time.

Under these peculiar facts, we do not think plaintiff's action is barred. See Earle Goodwin v. United States, 118 F. Supp. 369, 127 Ct.Cl. 417; Uhley v. United States, 121 F.Supp. 674, 128 Ct.Cl. 608.

The entry of judgment is suspended until the incoming of a report from the General Accounting Office showing the amount due, computed in accordance with this opinion and the stipulation of the parties.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.