Whitaker, Judge,
delivered the opinion of the court:
As in Capps v. United States, 133 C. Cls. 811, plaintiff, a non-regular officer, was found by a Retiring Board on January 25,1944, to have been incapacitated for military service, but, since the inception of it was during his service as an enlisted man, it was held, pursuant to a ruling of the Secretary of War, that he was not entitled to be retired with pay.
Later, after the Secretary of War had reversed this ruling, plaintiff appealed to the Disability Review Board, which reversed the findings of fact of the Retiring Board as to the date of inception of the disability, and found on June 29, 1954 that it was not an incident of his service either as an officer or an enlisted man.
Plaintiff then on May 16, 1955 applied to the Board for Correction of Military Records for a correction of his record so as to show that his incapacity was an incident of his service. His application was denied on August 4, 1955.
The only difference in this case and the Capps case is that in the Capps case the Adjutant General, after the reversal by the Secretary of War of his prior ruling, notified Capps of his right to apply for reconsideration. This difference is *819 immaterial. The decision of the Oapps case is controlling in the case at bar.
In the Capps case and also in Loeb v. United States, 133 C. Cls. 937, we held plaintiff was entitled to retired pay from the date of his discharge. On page 815 of the opinion in the Oapps case we said, “Plaintiff is entitled to recover retired pay from the date of his discharge.”
Defendant’s motion to dismiss is overruled. Plaintiff’s motion for judgment on the pleadings is granted and judgment will be entered that plaintiff is entitled to recover retired pay from the date of his discharge on March 10,1944. The amount of the recovery will be determined under Eule 38 (c).
It is so ordered.
Laramore, Judge; and JONES, Chief Judge, concur.