On June 20, 1975 the court issued the following order:
Before Skelton, Judge, Presiding, Kunzig and Bennett, Judges.
“The plaintiff was a married woman and serving as a captain in the United States Air Force Reserve as a judge advocate. In April 1968, or thereabout, plaintiff, while married, became pregnant. She was involuntarily discharged from the Air Force on December 20,1968, pursuant to mandatory Air Force Regulation 36-12, paragraph 40 (a), of August 1,1963, as amended, and effective on December 20,1968. This regulation required a woman officer to be discharged when a determination was made by a medical officer that she was pregnant. A copy of the regulation is attached to defendant’s motion for summary judgment. The plaintiff was discharged while on assignment to Germany where her husband was also serving as an officer in the Air Force. She remained in Germany after discharge until her husband finished his tour of duty and they both returned to the United States.
“The facts show that the plaintiff, being an attorney, was mindful of the fact that she might have a claim for wrongful discharge based on the Constitution because of unequal treatment afforded to women as compared to men in the military service. This is shown by the fact that she closely monitored and watched other cases that were filed in court involving the same problem. However, she did nothing in her own behalf *976 until Marcli 14, 1974, when she applied to the Air Force Board for the Correction of Military Becords. On November 4,1974, the Board denied her application. She then filed suit in this court on December 4,1974, for backpay claiming that she was wrongfully discharged under an unconstitutional regulation.
“It is clear that her claim accrued no later than December 20, 1968. See Kirby v. United States, 201 Ct. Cl. 527 (1978), cert. denied, 417 U.S. 919 (1974). Accordingly, she waited five years, 11 months, and 15 days before filing suit here. The Government pleads laches citing Brundage v. United States, 205 Ct. Cl. 502, 504 F. 2d 1382 (1974), reh. denied, 206 Ct. Cl. 823 (1975), cert. denied, 421 U.S. 998 (1975). In that case we held in clear and unequivocal terms that laches is applicable to military pay cases. In that case the plaintiff waited three years and eight months before filing suit and we held that his claim was barred by laches. We also held in that case that the longer the period of delay the less prejudice must be shown by the defendant in order that it can prevail under the laches doctrine. In that case we held that the fact that another officer was required to perform the duties formerly performed by the plaintiff and drawing the salary that the plaintiff claimed should be paid to him was a sufficient showing of prejudice to invoke the laches doctrine.
“In addition to relying on laches, the defendant says that plaintiff’s petition does not state a claim upon which relief can be granted citing the following cases similar to the one before us, all of which were decided adversely to the plaintiffs except the Robinson case. These cases are as follows: Struck v. Secretary of Defense, 460 F.2d 1372 (9th Cir. 1971), cert. granted, 409 U.S. 947, vacated and remanded to consider issue of mootness, 409 U.S. 1071 (1972); Crawford v. Cushman, 378 F. Supp. 717 (D. Vt. 1974); Gutierrez v. Laird, 346 F. Supp. 289 (D.D.C. 1972); see Flores v. Secretary of Defense, 355 F. Supp. 93 (N.D. Fla. 1973); contra, Robinson v. Rand, 340 F. Supp. 37 (D. Colo. 1972). The plaintiff was familiar with these cases and had watched their progress through the court while doing nothing to file suit in her own behalf. This is certainly sufficient to invoke the doctrine of laches against *977 ber because of our decision in Reynolds Metals Co. v. United States, 194 Ct. Cl. 309, 316-17, 438 F. 2d 983, 987, cert. denied, 404 U.S. 825 (1971), where the Reynolds Metals Company sat idly by and allowed Kaiser Aluminum & Chemical Corporation to litigate a similar claim. By doing so, Reynolds allowed its claim to become barred by limitations. However, in its suit here it claimed that since Kaiser recovered on an identical claim, Reynolds should be given the same treatment. We held that its claim was barred by limitations and that it should have filed suit like Kaiser did. In like manner in the case before us, the plaintiff should have filed her own suit instead of allowing others to litigate the same question.
“The plaintiff relies on two recent Supreme Court cases in her contention that the regulation requiring her discharge was unconstitutional. These cases are Frontiero v. Richardson, 411 U.S. 677 (1973) and Cleveland Board of Education v. LaFleur, 414 U.S. 632 (1974). However, these oases can be distinguished. In the Frontiero case the court was concerned with the different standards of eligibility applied to men and women in the military service in order for them to qualify for a dependent’s allowance. That is not the same situation that we have here. In the LaFleur case the problem dealt only with civilians, while the regulation in the case before us was applicable only to military personnel. The Supreme Court has recently held that restrictions that may be unconstitutional as applied to civilians are constitutionally permissible when applied to military personnel. See Parker v. Levy, 417 U.S. 733 (1974). Also, in Schlesinger v. Ballard, 419 U.S. 498 (1975), the Supreme Court in distinguishing Frontiero held that it was not unconstitutional for the military service to treat men and women that were differently situated in a different manner. It is obvious that a pregnant female officer is differently situated from male officers.
“The case is before us on defendant’s motion for summary judgment.
“Defendant’s motion for summary judgment is allowed, without oral argument, because plaintiff’s suit is barred by laches, and plaintiff’s petition is dismissed. Brundage v. United States, supra.”