This military pay case comes before the court on defendant’s motion to dismiss. Plaintiff was a reserve officer on active duty in the U.S. Army when he was involuntarily separated from the service on January 10, 1972. He claims that he was improperly terminated on the basis of two nonselections for promotion to the temporary rank of lieutenant colonel by the 1967 and 1971 selection boards which, having no reserve officers, were not constituted in accordance with law. 10 U.S.C. § 266. Defendant moves to dismiss the action because the petition was filed on May 16, 1978, and is therefore barred by the 6-year statute of limitations applicable here. See 28 U.S.C. § 2501. The rule has always been that in wrongful discharge cases the cause of action accrues all at once upon the serviceman’s removal. Ramsey v. United States, 215 Ct. Cl. 1042, cert. denied, 439 U.S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 391 F.2d 938 (1968), aff’d on rehearing, 190 Ct. Cl. 925, 421 F.2d 703 (1970). Thus, the instant petition was filed more than 6 years after the cause of action accrued.
Plaintiff seeks to avoid the bar of the statute of limitations by making three alternative arguments. He first argues that the limitations period does not begin to run until action by the first competent administrative board, in this case the Army Board for Correction of Military Records. Plaintiff next argues that the Correction Board’s acceptance of his April 18, 1978, application to *590 expunge a 1969 efficiency report tolls the statute of limitations. Finally, he argues that a new action has accrued based on the 1977 action of the Secretary of the Army setting up a reconstituted selection board to reconsider the action taken by the 1971 selection board. Each of these arguments must fail. First, cases in which we have held that the limitations period does not begin to run until action by the first competent administrative board are in the disability pay area where it is not the separation from active duty which wrongs the serviceman, but the arbitrary denial of benefits by the board. See Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied, 373 U.S. 932 (1963). In wrongful discharge cases, however, it is not the arbitrary denial of relief by the board which injures the serviceman, but rather the discharge itself.
Plaintiffs second argument is similarly unpersuasive. As we found in Ramsey v. United States, supra, applications to a correction board in a discharge case are permissive, not mandatory, and do not serve to toll or defer the statute of limitations. Nor do correction board proceedings affect the running of the court’s statutory limitations period. The defendant cannot be estopped from pleading the statutory bar as a defense in this case.
As to plaintiffs last argument that the action of the Secretary in reexamining the decision of the 1971 selection board "renews” the cause of action, plaintiff cites our holdings in several cases in the disability pay area. See, e.g., Schiffman v. United States, 162 Ct. Cl. 646, 319 F.2d 886 (1963); Capps v. United States, 133 Ct. Cl. 811, 137 F.Supp. 721 (1956). These cases stand for the proposition that the Secretary’s action in reopening the decision of a disability retirement board robs that board’s decision of finality. Since the limitations period does not begin to run until the board’s decision is final, the board’s reconsideration of the application becomes critical for limitations purposes. These disability cases are again inapplicable to the present case of alleged wrongful discharge. The 1977 action of the Secretary did nothing to change the date of plaintiffs separation: it is plaintiffs separation which is the "adverse action” resulting in loss of pay. The Secretary’s action thus did not change the date of accrual of plaintiffs cause of action. Since plaintiff did not file his petition within the 6-year statute of limitations, his claim is barred in this court.
*591 it is therefore ordered upon consideration of the briefs and exhibits and without oral argument, that defendant’s motion to dismiss is granted. The petition is dismissed.
Plaintiffs motion for reconsideration was denied April 6, 1979.