This military pay case comes before the court on defendant’s motion to dismiss. Plaintiff contends that he has been wrongfully denied retired pay under 10 U.S.C. §1331, et. seq. (1976). The principal factual issue is whether plaintiff had at least twenty years of qualifying service in the military. The Government interposes the statute of limitations, 28 U.S.C. §2501 (1970). We grant the Government’s motion.
Plaintiff, Arnold B. Zoesch, enlisted in the United States Navy on September 21, 1942, and served on active duty until October 23, 1946. During the ensuing twenty years, plaintiff served in various drilling units of the Naval Reserve.[1] On January 30, 1966, upon attaining the manda *558 tory retirement age of sixty-two, plaintiff was involuntarily retired from the Reserves.[2] The retirement became effective on the first, day of the first month following his sixty-second birthday — February 1, 1966. At the time of his retirement, plaintiff was a Navy Reserve Chief Warrant Officer
Under 10 U.S.C. §1331 (1976), retired military personnel become eligible for retired pay upon satisfaction of the following age and service requirements: 1) that the retiree be "at least 60 years of age,” and 2) that "he has performed at least 20 years of service computed under §1332 of [Title 10]”.
Upon plaintiffs retirement from the military, the Navy credited him with only 17 years, 4 months and 15 days of qualifying service. This being the case, the Navy has consistently since that time refused to grant him any retired pay. Plaintiff asserts, however, that he actually has greater than 20 years in service. Nonetheless, he has been thrice denied relief by the Navy Corrections Board in his effort to obtain correction of his military records to reflect this fact. Plaintiff now sues in this court, alleging that he has at least 20 years of service and, consequently, that he is entitled to retired pay, retroactively and prospectively.
Plaintiff could have originally brought this action some fourteen years ago (1966), after the first time the Navy failed to pay him the benefits to which he claims he is entitled. At that time, all the material facts upon which the claim depends had occurred. In other words, the claim had "first accrued” some fourteen years ago. See Oceanic S.S. Co. v. United States, 165 Ct.Cl. 217 (1964).[3] See also Cooper v. United States, 203 Ct.Cl. 300, 305 (1973). Under 28 U.S.C. §2501 (1976), the jurisdiction of this court is limited to those claims filed within six years after the accrual of the claim.
In order to avoid application of the statute of limitations, plaintiff asserts two counterarguments. Neither has merit.
First, plaintiff points to the fact that he has three times gone before the Corrections Board. He argues that the *559 statute of limitations was tolled throughout the entire period of time that the Board proceedings were pending. Plaintiffs position is not correct. Recourse to the Corrections Board was purely permissive in this case. As such, the running of the statute of limitations was not tolled. Bruno v. United States, 214 Ct.Cl. 383, 556 F.2d 1104 (1977).
We next consider plaintiffs contention that the "continuing clainf’exception to the statute of limitations should apply. This court on numerous occasions has indicated that it will not invoke the "continuing claims” exception where further factual inquiries are required. See Kutz v. United States, 168 Ct.Cl. 68 (1964) Carver v. United States, 159 Ct.Cl. 67 (1962). Obviously, this case requires "further factual inquiries”. The issue that plaintiffs petition raises, as noted previously, is whether plaintiff had 20 years of service. Unfortunately for Plaintiff Zoesch, the statute of limitations has long since passed.
Accordingly, it is therefore ordered, on consideration of the parties’ submissions, but without oral argument, that defendant’s motion to dismiss is granted. Plaintiffs petition is dismissed.

 From time to time on retirement qualifying duty; from time to time not.

 10 U.S.C. §1164 (1976).

 "A claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.” 165 Ct.Cl. at 225.