This military pay case comes before us on defendant’s motion to dismiss on the ground that plaintiffs claim is barred by this court’s six-year statute of limitations. See, 28 U.S.C. §2501 (1976). For the purposes of this motion we accept the following allegations in the petition: Plaintiff Glenn M. Gilmore formerly served on active duty as an Army reserve officer. He was released from active duty on *830 April 17, 1972, by an Army Active Duty Board. He now challenges the Active Duty Board’s decision because, he alleges, the records before it were materially in error since they reflected that he had been "selected for retention in grade”[1] by a 1969 army selection board improperly constituted in violation of 10 U.S.C. § 266 (1976) and regulations and instructions implementing that statute. See, DOD Instruction 1205.4 (1959); Army Regulation 624-100; § III, ¶ 6(b)(5). Those provisions require reserve officer representation on selection boards which recommend action relating to reserve officers. The 1969 selection board contained no reserve officers.
Plaintiffs application for correction of his records by the Army Board for Correction of Military Records was denied by that tribunal on May 17, 1978. In May 1979 he filed suit in the United States District Court for the Middle District of Alabama. That action was transferred to this court, pursuant to 28 U.S.C. § 1406(c), in November 1979. Defendant then filed this motion to dismiss.
Section 2501 of Title 28 of the United States Code provides that:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accures.
Major Gilmore’s claim accrued on the date of his separation from active duty in April 1972, more than six years before this action was filed in the District Court. See Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974); Mathis v. United States, 183 Ct. Cl. 145, 147, 391 F.2d 938-39 (1968), aff'd on reh’g, 190 Ct. Cl. 925, 421 F.2d 703 (1970). The "continuing claim” exception, which claimant invokes, clearly does not apply to wrongful separation suits like this one. See, e.g., Mathis v. United States, supra, 183 Ct. Cl. 145, 147, 391 F.2d 938, 939; Friedman v. United States, 159 Ct. Cl. 1, 10-11, 310 F.2d 381, 386-87 (1962), cert. denied, sub. nom. Lipp, 373 U.S. 932 *831 (1963); Ellzey v. United States, 219 Ct. Cl. 589 (1979), which involved virtually indistinguishable facts, held that a reserve officer who was involuntarily separated from service after two passovers by selection boards having no reserve officers, and who challenged the board makeup in a suit in this court more than six years after his separation, was wholly barred by the statute of limitations. We said that "[t]he rule has always been that in wrongful discharge cases the cause of action accrues all at once upon the serviceman’s removal.” Id. at 589.
Major Gilmore also contends that, although it is undisputed that he became aware of the basis for his claim within the limitations period, his failure to file suit during that time resulted from two factors: first, his exhaustion of administrative remedies before the Correction Board, and secondly, an alleged concealment by the Army of plaintiffs rights as a reserve officer. We have rejected the first of these arguments in similar circumstances on many occasions. Post separation remedies such as an appeal to a correction board are "permissive in nature and do not serve to toll the running of the statute of limitations.” Kirby v. United States, supra, 201 Ct. Cl. 527, 531. Accord, e.g., Mathis v. United States, supra, 183 Ct. Cl. 145, 147-48, 391 F.2d 938, 939; Ellzey v. United States, supra, 219 Ct. Cl. at 590.
Plaintiffs second argument for tolling or deferring limitations is that it was unfair concealment for the Army to limit its concern with the problem of the lack of reserve officers on selection boards so that plaintiff did not earlier become aware of his rights. His assertion is that, because the Army’s convening of reconstituted selection boards for certain classes of officers (those whose original selection boards lacked reserve membership) was not made known to all affected officers,[2] and because no such boards were convened for years prior to 1970 (plaintiffs was a 1969 selection board), the Government has committed acts of material, fraudulent concealment warranting the tolling of *832 the limitations period. See, e.g. Mulholland v. United States, 165 Ct. Cl. 231, 233 (1964); Braude v. United States, 218 Ct. Cl. 270, 273-74, 585 F.2d 1049, 1051-52 (1978); Fitzgerald v. Seamans, 553 F.2d 220, 228 (D.C. Cir. 1977).
The concealment-of-a-claim referred to in those (and like) decisions does not at all exist here. It was not concealment for the Army to fail to inform all reserve officers of the lack of reserve representation on their selection boards or that a potential challenge to their nonselections existed. A claimant’s ignorance of his claim, without more, is not enough to toll the limitations period. See, e.g. Braude v. United States, supra, 218 Ct. Cl. at 273, 585 F.2d 1049, 1051. We think there is no different rule for a military officer. There is nothing in the petition or in reason to suggest that plaintiff could not and should not have, through due diligence, discovered the basis of his lawsuit. See, Fitzgerald v. Seamans, supra, 553 F.2d 220, 228. There is no allegation that he was wholly unaware of the general problem (the lack of reserve membership on selection boards) well before limitations expired — though he says he did not learn until 1978 of that defect in his particular 1969 selection board. Nor does he allege any efforts to discover whether he had a basis upon which to challenge his own nonselection for promotion, or that any such efforts were thwarted or frustrated by the Government. On the contrary, once plaintiff made in 1978 an application for correction of his records, the Army took appropriate action by ordering that his records be reviewed by a Standby Advisory Board (STAB) for a promotion recommendation.[3] We have been given no reason whatever to believe or suspect that the Government’s decision to inform only certain people of the reconstituted boards (see note 2 supra) was aimed in any way at concealing plaintiff’s (or his class of officers’) potential cause of action. His factual allegations as to what officers the Army actually informed of the problem, which we assume are true, do not even call for a trial on that underlying question of whether there was deliberate, *833 fraudulent concealment so as to toll limitations, or that the claim was unknowable.
Plaintiffs claim is therefore barred by limitations, and, without oral argument, defendant’s motion to dismiss the petition is granted.
IT IS SO ORDERED.

 Prior to May 19, 1975 Army regulations provided that officers considered for promotion would be graded either: (1) "Fully qualified and best qualified” (promoted); (2) "Fully qualified but not best qualified” (retained in grade); or (3) "Not fully qualified to assume the duties of the next higher grade” (passed over). Plaintiff received the second classification.

 We assume, on this motion to dismiss, that the only reserve officers who were officially notified that they were reconsidered for promotion were those who had either filed an application for correction of their records, or who were subsequently recommended for promotion by the reconstituted boards.

 The Correction Board denied plaintiffs correction application in part because the STAB, which included a reserve component, gave plaintiff the same rating as the earlier procedurally-challenged selection board.