This case is before the court without oral argument on defendant’s motion to dismiss. Various alternative theories are offered to support dismissal, but as we find this claim barred by the statute of limitations, we reach only that issue.
*988 Plaintiff is a former Army Reserve officer who was twice passed over for promotion to Lieutenant Colonel sometime prior to October 15,1973. One of those passovers apparently occurred in 1971; the date of the other passover is not set forth. As a result of these passovers, plaintiff was released from active duty on October 15, 1973.[1] Prior to release, plaintiff unsuccessfully petitioned the Army Board for the Correction of Military Records to void two Officer Efficiency Reports (oers) plaintiff considered erroneous and to reconsider plaintiff for promotion. After plaintiffs release, he apparently continued to seek administrative review of his non-promotion, still contending that at least two of the oers in his file were erroneous. In June 1978, the Army wrote plaintiff that a Promotion Reconsideration (Relook) Board would reconsider plaintiffs 1971 non-promotion. Although the Relook Board reviewed plaintiffs case, it did not recommend plaintiff for promotion. Thereafter, plaintiff brought suit in federal district court in February 1980, seeking to void his discharge; that suit was eventually dismissed for want of jurisdiction. The suit in this court was filed June 8, 1981, and seeks reinstatement, back pay, and for plaintiff to be reconsidered for promotion.
Defendant argues, correctly, that the 6-year statute of limitations provided by 28 U.S.C. §2501 (1976) bars this claim. Wrongful discharge claims accrue all at once, upon discharge from military service. The cases supporting this proposition are legion. E.g., Eastwood v. United States, ante at 882, 883 (1982); Welch v. United States, 225 Ct. Cl. 713, 714 (1980); Ramsey v. United States, 215 Ct. Cl. 1042, 1043 (1978), cert. denied, 439 U. S. 1068 (1979). Even if we take the district court filing, and not our filing, as the relevant date, this claim was filed more than 6 years after plaintiff was discharged in October 1973. Plaintiff argues that his consideration by the 1978 Relook Board (or the Army’s decision directing that reconsideration) should toll the 6-year statute of limitations. We have consistently rejected arguments such as plaintiffs, however, for only mandatory remedies toll the limitations statute. E.g., Bonen v. United *989 States, 229 Ct. Cl. 144, 148, 666 F. 2d 536, 539 (1981), cert. denied, May 24, 1982, and cases cited thereat; Friedman v. United States, 159 Ct. Cl. 1, 11-12, 310 F. 2d 381, 387-388 (1962), cert. denied sub nom. Lipp v. United States, 373 U. S. 932 (1963). Reconsideration of plaintiffs claim by the Relook Board or otherwise by the Army was not mandatory; plaintiff could have brought suit immediately upon his discharge without resort to any administrative body. See Ramsey, supra, and cases cited thereat. Last, plaintiff argues that a new cause of action arose when the Army convened the Relook Board to reconsider his 1971 non-promotion. In Elizey v. United States, 219 Ct. Cl. 589 (1979), we squarely rejected the notion that reconsideration of a non-promotion could somehow give rise to a new claim. Reduced to essentials, we said in Elizey, it is plaintiffs allegedly wrongful separation which gives rise to the claim in a wrongful discharge case and not subsequent administrative decisions which leave the wrongful discharge intact. Id. at 590. It follows that there is only one claim plaintiff has, which accrued in October 1973 upon discharge. As plaintiffs petition was filed more than 6 years after plaintiff was separated, this petition must be dismissed.
it is therefore ordered that defendant’s motion to dismiss be and is hereby granted. The petition is dismissed.

 Plaintiffs petition implies his release occurred September 30, 1973. Plaintiffs brief responding to the motion to dismiss indicates separation occurred October 15, 1973. We assume arguendo he was released on the later date.