**Orvil Wayne BYLUND**

v.

**The UNITED STATES.**

**No. 278–81C.**

United States Claims Court.

Jan. 20, 1983.

Orvil Wayne Bylund, pro se.

Marsha D. Peterson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

OPINION

YOCK, Judge:

In this military pay case, Orvil Wayne Bylund (plaintiff) instituted this action to obtain additional compensation in connection with his successful request for an early discharge due to hardship.

In the present case, plaintiff was accepted into the United States Navy on September 22, 1941, for a six-year tour of duty to expire on September 22, 1947. On July 15, 1946, he underwent a physical examination for separation pursuant to his request for an early discharge and was found physically qualified for separation. However, later that day he became ill and was admitted to the U.S. Naval Hospital, Oakland, California, with a diagnosis of DV Rheumatic Fever. Although he was hospitalized until August 2, 1946, a discharge document was given to him on July 15, 1946. On August 2, 1946, he was reexamined and found fit for discharge.

On August 15, 1977, plaintiff applied to the Board for Correction of Naval Records (BCNR) for adjustment of his discharge date to August 2, 1946, on the grounds that he was not physically qualified for discharge on July 15, 1946. The BCNR agreed and the decision was affirmed by the Secretary of the Navy on April 5, 1979. The plaintiff was awarded the amount of pay due up to the adjusted discharge date of August 2, 1946.

Thereafter, plaintiff, in a letter dated December 9, 1980, wrote to the Department of Navy requesting review of the BCNR decision, alleging that he was entitled to pay from August 2, 1946 to the end of his enlistment agreement date of September 22, 1947. The letter was forwarded to BCNR, which notified plaintiff that the appeal was rejected as he offered no new evidence. On April 27, 1981, plaintiff filed his petition in this Court seeking compensation for the period commencing with the corrected date of his discharge until the expiration of his originally scheduled tour of duty.

Defendant has filed a Motion for Summary Judgment on the grounds that the complaint is barred by the six-year statute of limitations and the doctrine of laches.

This Court agrees.

The present suit was not brought until April 27, 1981, more than 34 years after the plaintiff's date of discharge. The applicable statute of limitations in this case is set forth in 28 U.S.C. § 2501 (1976) and provides, in pertinent part:

Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

The statute of limitations has long been strictly adhered to in military pay cases by the Court of Claims. In *Winfree v. United States,* 125 Ct.Cl. 853, 113 F.Supp. 676 (1953), the Court refused to consider a case filed six years and four months after plaintiff's effective retirement date because it was barred by the expiration of the statute of limitations. 28 U.S.C. § 2501 (Supp. IV 1946).

The Court's strict adherence to this statute is based on the following reasoning:

**154**

Our statute of limitations is jurisdictional and must be strictly construed to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records.

*Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *see also Crown Coat Front Co. v. United States,* 386 U.S. 503, 517, 87 S.Ct. 1177, 1185, 18 L.Ed.2d 256 (1967); *Feldman v. United States,* 149 Ct.Cl. 22, 32, 181 F.Supp. 393, 400 (1960); *Dawnic Steamship Corp. v. United States,* 90 Ct.Cl. 537, 579 (1940).

In the present case, the claim arose over 34 years ago and the statute of limitations has long since expired. As the Court held in *Zoesch v. United States,* 226 Ct.Cl. 557, 650 F.2d 291 (1980), military pay claims are not continuous and the claim arises from the date of the incident of separation from the service. The Court has allowed for "continuing claims" under certain circumstances where further factual inquiries are required. *See Kutz v. United States,* 168 Ct.Cl. 68, 73 (1964); *see also DeBow v. United States,* 193 Ct.Cl. 499, 503, 434 F.2d 1333, 1335 (1970). However, nothing in the present case indicates that any further inquiries were or are necessary, much less after 34 years of no inquiry.

■ Furthermore, the plaintiff's pursuit of his claim before the BCNR, 31 years after his discharge from the Navy, in no way tolls the statute. It is well settled law that post-discharge proceedings before administrative review boards are permissive in nature and do not serve to toll the statute of limitations. *Kirby v. United States, supra,* 201 Ct.Cl. at 531.

■ The statute of limitations is jurisdictional, and precludes this Court from any

further hearing in this matter. The delay of 34 years is a more than adequate basis for allowing the defendant's summary judgment motion.[1]

Although plaintiff, *pro se,* has not provided this Court with a model for pleadings, the denial is without prejudice to plaintiff's style of presentation, but rather based on an essential application of the statute of limitations. Unfortunately for the plaintiff, he simply waited far too long to have his case heard.

Defendant's Motion for Summary Judgement is hereby granted and the petition is dismissed.

*Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). However, with the Court's enforcement of the statute of limitations, this issue becomes moot.

---

1. Independent of this Court's decision on the statute of limitations issue, plaintiff's claim would also be barred by the doctrine of laches. Laches is a fairness doctrine by which relief is denied to one who has unreasonably and inexcusably delayed in the assertion of a claim.