Jan S. MONNINGH

v.

The UNITED STATES.

No. 57–82C.

United States Claims Court.

Feb. 25, 1983.

See also 527 F.Supp. 166.

Sidney Ezra, Chicago, Ill., for plaintiff.

Allen C. Peters, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

OPINION

COLAIANNI, Judge:

This military pay case is before the court on defendant's motion for summary judgment. The basis for the Government's motion is that the claim is barred by this court's six-year statute of limitations. Upon review of the facts, which are not in dispute, I find that the claim is barred by the statute of limitations. Defendant's motion for summary judgment is accordingly granted and plaintiff's petition is dismissed.

## Facts

For purposes of this motion, the following facts are accepted as established:

In 1958, plaintiff was ordered to active duty as a United States Army Reserve Commissioned Officer with the rank of Second Lieutenant. Plaintiff was eventually promoted to the rank of Major in a career that spanned some 16 years. On two occasions, once in 1973 and again in 1974, plaintiff was considered for temporary promotion to the rank of Lieutenant Colonel by the Army Promotion Selection Board. Both times he was not selected for promotion and, after the second passover, was informed of his release from active duty in accordance with Army regulations. Major Monningh was released from duty on November 7, 1974.

On May 4, 1976, Major Monningh submitted an application to the Army Board for Correction of Military Records requesting that he be recalled to duty, promoted to the rank of Lieutenant Colonel, and given the back pay and allowances due him. Plaintiff alleged that the board which had considered his promotion contained no reserve officer members and was thus improperly constituted. His request for correction of records was considered by a "Relook Board" which did include reserve officers, but was denied. Plaintiff filed a complaint in the United States District Court for the Northern District of Illinois on May 13, 1981. On November 6, 1981, the case was transferred to the Court of Claims, and on February 10, 1982, plaintiff filed his complaint with our predecessor court. Plaintiff seeks, *inter alia,* reinstatement to active duty, retroactive promotion to the rank of Lieutenant Colonel, and the award of back pay and benefits.

## Discussion

■ The applicable statute of limitations in this case provides that "[e]very claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The date on which the cause of action accrues in a wrongful discharge case has consistently been held to be the date of the serviceman's discharge from military service. *Elizey v. United States,* 219 Ct.Cl. 589 (1979). In this case plaintiff was discharged on November 7, 1974, and the statute of limitations began running from that date. Plaintiff did not file his District Court complaint until May 13, 1981. Thus, even if the date of plaintiff's filing in the District Court is taken as the relevant date, the claim was filed over six years after plaintiff's discharge.

■ Plaintiff argues that the proper starting point for calculating the running of the statute of limitations was the date that the "Relook Board" rejected his promotion. It is well settled in wrongful discharge cases that "[p]ost separation remedies such as an appeal to a correction board are 'permissive in nature and do not serve to toll the running of the statute of limitations.'" *Gilmore v. United States,* 228 Ct.Cl. ——, Ct.Cl. No. 535–79C (July 31, 1981); *Elizey v. United States,* 219 Ct.Cl. at 590. Cases in the disability pay area which hold that the limitations period does not begin to run until action by a competent administrative board are inapposite. *Elizey v. United States,* 219 Ct.Cl. at 590. The reason for the difference in treatment is that in disability pay cases the wrong suffered is considered to be the arbitrary denial of benefits by a board; in wrongful discharge cases it is the actual discharge which causes the injury. *Id.*

■ Plaintiff's argument that "exhaustion of administrative remedies [is] * * * an essential and crucial step prior to any judicial review" is also incorrect. In the first place, the case of *Stewart v. United States,* 222 Ct.Cl. 42, 611 F.2d 1356 (1979), upon which plaintiff relies, does not support the proposition that exhaustion of administrative remedies is mandatory. In that case, a petition was filed within the time permitted by the statute of limitations in the Court of Claims and, in addition, an application for correction of the serviceman's military records was submitted with the correction board. The Court of Claims

decided not to rule on an issue which had not been raised before the board. The court found that the plaintiff did not know and could not have known about the issue when he appeared before the board. Because the board had not addressed the issue, the court chose to give the board an opportunity to consider whether correction was appropriate and thus avoid the court's involvement. *Id.* at 52, 611 F.2d at 1361. Thus, far from being a case in which the court concluded that action by the board was mandatory, *Stewart,* at most, is an example of a situation in which a court saw fit to defer to the wisdom of a board to see if a mutually agreeable solution to a problem could be found.

Plaintiff alternatively argues that the date of reasonable discovery of the cause of action should be the starting point of the running of the statute. The Court of Claims has long held in civilian pay cases that the running of the statute is not tolled by the mere ignorance of a claim by the claimant. *Braude v. United States,* 218 Ct.Cl. 270, 273–74, 585 F.2d 1049, 1051 (1978). In *Braude,* the court decided that "[t]he plaintiff has the burden of proof to establish either that 'defendant has concealed its acts with the result that plaintiff was unaware of their existence or [she] must show the [her] injury was "inherently unknowable" at the accrual date.'" *Id.* at 274, 585 F.2d at 1051. In *Gilmore,* the court found that there was "no different rule for a military officer." Order, at 4. The court went on to conclude that the Army's failure to inform all reserve officers of the lack of reserve representation on their selection boards, where it had informed some, or that a potential challenge to their nonselection existed, was not concealment. *Id.*

As was the case in *Gilmore,* there is nothing in the instant case which suggests that plaintiff could not have discovered the basis of his lawsuit with diligence. In fact, plaintiff admitted in his May 4, 1976, application for Correction of Military Records, that he became aware of the makeup of the promotion board in February of 1976. This, of course, was well within the statutory period for taking judicial action. Even though

this knowledge was the basis of his unsuccessful effort to have his records corrected by the "Relook Board," plaintiff delayed for an additional five years before seeking the assistance of the courts.

As the court stated in *Braude v. United States,* 218 Ct.Cl. at 278, 585 F.2d at 1054:

The very nature of statutes of limitations is that they deny a claim regardless of its merit. This often seems unfair. But it is the judgment of those vested with the authority to make our laws that such statutes are necessary in order to insure prompt handling of claims and to prevent actions from being withheld until such time that the memories of witnesses and other types of evidence have become obscured or unavailable by the passage of time. Furthermore, the policy considerations behind such statutes contemplate that ignorance of rights which should have been known is not enough to toll their running.

Plaintiff has made no showing, as required by *Gilmore,* that the basis for his claim was either concealed or unknowable. Absent such showing, plaintiff's ignorance of the lack of reserve representation on the selection boards which were considering him for promotion could not toll the running of the statute.

Finally, plaintiff argues that the date of the "Relook Board's" nonpromotion should mark the start of the statute of limitations, since that board had, for the first time, reviewed a report which had not been considered by the other promotion boards. The court agrees with defendant that, although this information might have provided the "Relook Board" with additional evidence of wrongful discharge, its appearance did not change the fact that the accrual date for plaintiff's cause of action began with his date of discharge. *See Douglas v. United States,* Ct.Cl. No. 367–81C (May 18, 1982).

In this instance, it was plaintiff's wrongful separation that allegedly gave rise to a wrongful discharge. The subsequent administrative actions did not modify the complained of discharge. Thus, plaintiff's

cause of action accrued in this instance upon his discharge from the service on November 7, 1974.

In keeping with the principles articulated in *Gilmore,* I find, since the petition was filed more than six years after plaintiff was discharged, that plaintiff's claim is barred by the statute of limitations. Thus, without oral argument, defendant's motion for summary judgment is granted and the petition is dismissed.

IT IS SO ORDERED.