Lawrence H. HANNON

v.

The UNITED STATES.

No. 454–82C.

United States Claims Court.

July 28, 1983.

Carl J. Felth, Washington, D.C., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; Major Thomas J. Fiscus, Dept. of the Air Force, Washington, D.C., of counsel.

OPINION

HARRY E. WOOD, Judge:

In this action, plaintiff, a former United States Air Force Reserve officer who was involuntarily released from active duty following two nonselections for promotion to the temporary grade of major, sues to recover a money judgment on the ground that his said release from active duty was unlawful.[1]

Plaintiff was considered for selection for promotion to the temporary grade of major by selection boards which convened October 7, 1974 (the 1975 board) and September 22, 1975, (the 1976 board). He was not selected for promotion by either board, and he was accordingly released from active duty May 31, 1976. He asserts that neither selection board was lawfully constituted, and that his release was therefore invalid. *See Stewart*

---

1. Additional relief by way of an order directed to the Secretary of the Air Force pursuant to 28 U.S.C. § 1491(a)(2) also appears to be sought.

*v. United States,* 222 Ct.Cl. 42, 611 F.2d 1356 (1979).

Plaintiff's complaint was filed September 10, 1982, more than six years after his separation.[2] That complaint, styled a "Petition Pending Motion for Discovery," pursuant to Ct.Cl. R. 36, 189 Ct.Cl. 13 (1969), was accompanied by a motion to "suspend action pending completion of administrative process," and proceedings were, without objection, suspended for a time.

In April 1983, however, defendant sought and obtained leave to file a motion to dismiss the complaint as barred by limitations. *See* section 2501, Title 28, United States Code (1976). Plaintiff has opposed that motion, asserting that his claim did not accrue until "on or about 1 July 1982," when the claim of the plaintiff in *Stewart v. United States, supra,* was paid, and that this action, commenced shortly after that date, is timely.

Briefing has been completed. On plaintiff's motion, unopposed by defendant, oral argument has been held. For the reasons, and under the authorities, hereinafter appearing, it is concluded that defendant's motion to dismiss should be granted, and that the complaint should be dismissed.[3]

▮ A claim against the United States for monetary relief founded upon a separation from active military service alleged to be unlawful accrues, within the meaning of section 2501, on "the date of the serviceman's discharge from military service."

*Monningh v. United States,* 1 Cl.Ct. 427, 428 (1983); *see* also *Bonen v. United States,* 229 Ct.Cl. 144, 148, 666 F.2d 536, 539 (1981), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1982); *Gilmore v. United States,* 228 Ct.Cl. 829 (1981); *Elizey v. United States,* 219 Ct.Cl. 589, 618 F.2d 119 (1979).[4] The claim accrues "all at once," and, to be timely, "suit must be filed within six years of the date on which" it so accrues. *Bonen v. United States, supra.*

In certain limited circumstances, "the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff does not know of his claim * * *." *Japanese War Notes Claimants Ass'n. v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356, 358–59, *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967); *see* also *Braude v. United States,* 218 Ct.Cl. 270, 273–74, 585 F.2d 1049, 1051–52 (1978); *Monningh v. United States, supra.* Plaintiff does *not,* however, assert that he is within the bounds of the doctrine enunciated in *Japanese War Notes Claimants Ass'n. v. United States, supra,* and other cases. At oral argument, he freely, knowingly, and expressly disavowed any claim that defendant had fraudulently concealed its acts from him with the result that he was unaware of their existence, or that the nature of his "injury was such that it was inherently unknowable at the time the cause of action accrued." *Coastal Petroleum Co. v. United States,* 228 Ct.Cl. 864, 866 (1981), *cert.*

2. Plaintiff has not been in active military service following May 31, 1976. *Cf. Bickford v. United States,* 228 Ct.Cl. 321, 656 F.2d 636 (1981). He has continued to hold a commission as a reserve officer in active status, and is now a lieutenant colonel, United States Air Force Ready Reserve.

3. The style of plaintiff's "petition" does not hinder a ruling on defendant's motion. At oral argument plaintiff conceded that should his allegations that the 1975 and 1976 temporary major selection boards were unlawfully constituted be accepted, there would be no dispute concerning any fact material to ruling upon the pending motion, nor any present need for discovery. The propriety *vel non* of the 1975 board's composition would appear to be be-

yond dispute, *Stewart v. United States, supra,* and for present purposes, the impropriety of the 1976 board's composition may be and is assumed.

4. In *Gilmore* and *Elizey,* the United States Court of Claims held that a claim of unlawful separation following two failures of selection for promotion by Army selection boards alleged to have been unlawfully constituted accrued "all at once upon the serviceman's removal," *Elizey v. United States, supra,* and "on the date of his separation from active duty * * *," *Gilmore v. United States, supra,* 228 Ct.Cl. at 831; *see* also *Monningh v. United States, supra:* "the cause of action accrues in a wrongful discharge case * * * [on] the date of the serviceman's discharge from military service."

*denied,* 456 U.S. 915, 102 S.Ct. 1770, 72 L.Ed.2d 174 (1982).[5]

What plaintiff *does* assert is that not until "Final payment was made to the plaintiff * * * *" in *Stewart v. United States, supra,* did "this plaintiff first [have] a legal basis for this claim," and that at this point, and not before, his claim first accrued within the meaning of section 2501. That line of argument has no merit.

■ A cause of action first accrues "when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 240, 368 F.2d 847, 851 (1966); *see also Crown Coat Front Co. v. United States,* 368 U.S. 503, 514, 87 S.Ct. 1177, 1183, 18 L.Ed.2d 256 (1967). The very hallmark of accrual of a claim, within the meaning of section 2501, is the right to demand payment in court. *Ibid.*

"The rule has always been * * * *" that a cause of action founded upon a claim of unlawful separation from military service "accrues all at once * * * *," upon the date of the separation. *Elizey v. United States, supra. See also Gilmore v. United States, supra; Zoesch v. United States,* 226 Ct.Cl. 557, 650 F.2d 291 (1980); *Brownfield v. United States,* 218 Ct.Cl. 477, 589 F.2d 1035 (1978); *Homcy v. United States,* 210 Ct.Cl. 332, 536 F.2d 360 (1976), *cert. denied,* 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976); *see also Monningh v. United States, supra; Bylund v. United States,* 1 Cl.Ct. 152 (1983); *Quirk v. United States,* 227 Ct.Cl. 780 (1981); *Cowhig v. United States,* 226 Ct.Cl. 715 (1981); *Fitzgerald v. United States,* 226 Ct.Cl. 542 (1980).

■ In a case such as this, where plaintiff is faced with the contention that his military pay claim based on an assertedly unlawful separation is barred by limitations, to say that until someone else litigat-

ed the merit of that same claim, and won, he had no right to "demand payment and sue here for his money"[6] is neither consistent with binding precedent nor sufficient. *Gilmore v. United States, supra; Baxter v. United States,* 230 Ct.Cl. —— (1982); *Copenhaver v. United States,* 225 Ct.Cl. 619, 620 (1980); *Sharp v. United States,* 207 Ct.Cl. 975, 976–77, 521 F.2d 1406 (1975). *See also Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 65, 73 S.Ct. 580, 583, 97 L.Ed. 821 (1953)[7]; *Awtry v. United States,* 231 Ct.Cl. ——, ——, 684 F.2d 896, 898 (1982); *Reynolds Metals Corp. v. United States,* 194 Ct.Cl. 309, 316–17, 438 F.2d 983, 987, *cert. denied,* 404 U.S. 825, 92 S.Ct. 55, 30 L.Ed.2d 54 (1971).

"A plaintiff cannot toll limitations by waiting for other cases to be litigated and decided; [he] should have filed [his] own suit." *Copenhaver v. United States, supra.* The assertion that plaintiff's judicial claim did not arise until after *Stewart* was decided is untenable; the decision in *Stewart* "did not create a new claim for the plaintiff." *Ibid.; see also Reynolds Metals Co. v. United States,* 194 Ct.Cl. 309, 316, 438 F.2d 983, 987 *cert. denied,* 404 U.S. 825, 92 S.Ct. 55, 30 L.Ed.2d 54 (1971); *Baxter v. United States, supra.*

Plaintiff's claim accrued more than six years prior to the commencement of this action. No basis for tolling or suspending the running of limitations following accrual of the claim is asserted, and none appears. Accordingly, this action is untimely, and the complaint must be dismissed.

---

5. *Cf. Robert S. Willcox v. United States,* 3 Cl.Ct. 83, (1983) (Wood, J.). Plaintiff was well aware of the arguments advanced by plaintiff in *Willcox,* but chose to rely instead on his own approach to the issue of limitations.

6. *Nager Electric Co. v. United States, supra.*

7. "A cause of action is created when there is a breach of duty owed the plaintiff. It is that breach of duty, not its discovery, that normally is controlling" for limitations purposes.