**Captain Marjorie Mae Lomas VERELINE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 687–83C.

United States Claims Court.

Sept. 13, 1984.

---

Stephen R. Fitzer, Columbia, S.C., for plaintiff.

Sandra P. Spooner, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Lt. Col. Guy J. Sternal, U.S. Air Force, Washington, D.C., of counsel.

## OPINION

NETTESHEIM, Judge.

Defendant moved for summary judgment in its favor on the ground that the doctrine of laches bars plaintiff's claim challenging her separation from the United States Air Force on October 18, 1968, and plaintiff has opposed. After oral argument the parties submitted supplemental memoranda addressing the novel question of whether a plaintiff can be charged with inexcusable delay when her cause of action is based on a constitutional right which did not obtain judicial recognition until many years after her cause of action accrued upon her separation in 1968.

## FACTS

Under the regulations in effect in 1968, plaintiff was subject to involuntary discharge for pregnancy, even though at the time of discharge her pregnancy had been terminated by spontaneous abortion. A.F.M. 39–10 ¶ 3–15b.[1] Plaintiff attempted to void her discharge at the time of her release and also unsuccessfully sought to reenlist in the active Reserves of the United States Air Force in both 1971 and 1972. On July 25, 1974, her reenlistment was permitted and plaintiff was subsequently promoted to the rank of captain. Although she filed suit on November 15, 1983, plaintiff is insulated from this court's six-year statute of limitations because her reenlistment protects her under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 525 (1982).

On August 28, 1981, plaintiff applied to the Air Force Board for the Correction of Military Records (the "AFBCMR") seeking back pay, emoluments, and correction of her military records to reflect continuous service from October 18, 1968, to July 25, 1974. Plaintiff claimed that her discharge for pregnancy denied her due process of law and equal protection, as made applicable by the Due Process Clause, under the fifth amendment to the United States Constitution. On August 30, 1983, the AFBCMR rejected plaintiff's application without reaching the merits of her claims on the ground that the appeal was untimely, even though the board relieved her from the requirement of filing within three years of discovering the alleged error or injustice.

## DISCUSSION

In order to prevail on a laches defense, defendant must show that plaintiff delayed inexcusably in filing suit and that, as a result, defendant suffered prejudice. *E.g., Foster v. United States,* 3 Cl.Ct. 440,

---

1. The regulation cited on plaintiff's Form DD214, Report of Transfer or Discharge, as au-

thority for her discharge was A.F.M. 39–10, ¶ 3–15A, § C, SDN 221.

442 (citing cases), *aff'd*, 733 F.2d 88 (Fed. Cir.1984).

Indisputably, a 15-year period elapsed between plaintiff's separation and the filing of her lawsuit; 13 years passed before she applied to the AFBCMF; and, assuming that her efforts to reenlist could be construed as challenges to her separation, the period between her second attempt to reenlist in 1972 and her application to the AFBCMR was nine years. Even if, as the AFBCMR suggested, the alleged error should be deemed to have gone undiscovered until 1971 when the Department of Defense changed its policy regarding separation of pregnant members, plaintiff waited ten years before seeking administrative relief.

The Federal Circuit's decision in *Foster v. United States*, 733 F.2d 88, upheld the grant of summary judgment for defendant in three cases involving laches periods of between seven and nine years. Following *Foster*, this court entered an opinion in *Andrews v. United States*, 6 Cl.Ct. 204 (1984), which was served on plaintiff before she made her supplemental filing. Plaintiff's argument concerning the viability of *Sidoran v. United States*, 213 Ct.Cl. 110, 550 F.2d 636 (1977), overruled by *Deering v. United States*, 223 Ct.Cl. 342, 347, 620 F.2d 242, 244 (1980) (en banc), was identical to that raised by plaintiff Hanel in *Andrews* and has been decided in the Government's favor. *Andrews*, 6 Cl.Ct. at 208.

This case, however, is not governed explicitly by the *Foster* or *Andrews* decisions. At argument plaintiff took the position for the first time that her delay was excusable because she could not have brought an action based on constitutional grounds in that the state of the law as of her separation date did not recognize any such claim. Following the introduction of this new argument, defendant was ordered to file a supplemental brief both responding to plaintiff's contention and making a specific

showing of prejudice. *See Foster*, 3 Cl.Ct. at 446.

Defendant's supplemental memorandum established a specific and substantial monetary prejudice that would be suffered by defendant if the defense of laches were not allowed. Defendant also argued that the United States Court of Claims decision in *Sharp v. United States*, 207 Ct.Cl. 975, 521 F.2d 1406 (1975), requires that laches be recognized in this case. In *Sharp* plaintiff, an attorney, waited almost six years before challenging her discharge for pregnancy. Sharp claimed that the constitutional law on which her claim depended was but a recent development. That argument was rejected on the oft-cited ground that a plaintiff must manifest diligence in her own right and not await the outcome of litigation instituted by others. *Sharp*, 207 Ct.Cl. at 976–77 (citing *Reynolds Metals Co. v. United States*, 194 Ct.Cl. 309, 316–17, 438 F.2d 983, 987, *cert. denied*, 404 U.S. 825, 92 S.Ct. 55, 30 L.Ed.2d 54 (1971)).

Plaintiff argues that, unlike Sharp, she was not legally trained and therefore should not be held to as strict a standard as Sharp,[2] of whom the court remarked:

> The facts show that the plaintiff, being an attorney, was mindful of the fact that she might have a claim for wrongful discharge based on the Constitution because of unequal treatment afforded to women as compared to men in the military service. This is shown by the fact that she closely monitored and watched other cases that were filed in court involving the same problem....

207 Ct.Cl. at 975.

It is well established that a plaintiff is chargeable with knowledge of a cause of action grounded in statute, irrespective of his personal knowledge or sophistication. *Ide v. United States*, 25 Ct.Cl. 401 (1980) (cited in *Foster*, 3 Cl.Ct. at 444). Moreover, a plaintiff must act on his own behalf, and not allow others to carry the burden of litigating his right. *E.g., Hannon v. Unit-*

---

**2.** Although she filed an affidavit, plaintiff in the instant case is silent as to when she became aware of the legal developments which her

counsel argued. Nonetheless, all factual inferences have been resolved in plaintiff's favor.

ed States, 3 Cl.Ct. 89, 91 (1983), aff'd mem., 732 F.2d 168 (Fed.Cir.1984). *Sharp* instructs, at a minimum, that a plaintiff whose cause of action is based on constitutional law—as opposed to statute or other decisional law—be treated no differently than any other plaintiff who sits idly by while other parties prosecute their claims in court.

■ Under *Deering v. United States*, 223 Ct.Cl. at 347, 620 F.2d at 244, the determination of laches must be attuned to the facts of each case. That does not mean, however, that a plaintiff who is not legally trained should not be charged with knowledge of a legal development that would be more easily attributable to an attorney-plaintiff. It is not the hallmark of laches to place a premium on ignorance of one's legal rights, *cf. United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979); rather, the focus of the court's examination is on whether or not defendant can show that plaintiff has failed to act diligently in pressing her claim upon separation or, as the AFBCMR suggested, as of the time that defendant changed its policy with respect to terminated pregnancies.

■ According to plaintiff, case law did not recognize a basis for her to challenge her discharge until 1977. Even so, plaintiff delayed over four years until August 28, 1981, before filing her application before the AFBCMR. Plaintiff's complaint is barred in these circumstances by *Brundage v. United States*, 205 Ct.Cl. 502, 509, 504 F.2d 1382, 1386 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975) (delay of slightly longer than three years and eight months bars serviceman's claims).

At any rate, the 1977 opinion to which plaintiff referred, *Cook v. Arentzen*, was withdrawn and the judgment vacated on rehearing. 582 F.2d 870 (4th Cir.1978). Therefore, no significance attaches to the year of that decision. *Robinson v. Rand*, 340 F.Supp. 37 (D.Colo.1972), was on the books long before *Cook v. Arentzen*, however, and was argued by plaintiff before

the AFBCMR in support of "the sensitive, constitutionally protected procreative interests of the airman ...." Record of Proceedings, AFBCMR Docket No. 83–00199, Aug. 17, 1983, at 2. If, as plaintiff argues, she is chargeable with knowledge of a cause of action when favorable case law issues, she could have been held knowledgeable as early as 1972.

Given the difficulty of using trial and intermediate appellate decisions as barometers of constitutional law, inexcusability of delay could not be measured by an objective standard if allowed to depend on constitutional law developments at those levels. For the same reason it is questionable whether a Supreme Court pronouncement on the Constitution can trigger the date on which one should be charged with knowledge of an actionable right. Were that the case, arguments would have to be entertained on the question of when Supreme Court decisional law had evolved to the point at which a given plaintiff could predict a favorable decision in his own case. The unworkability of a doctrine that turns on a plaintiff's awareness of legal developments and their significance is sufficient reason to adhere to the Court of Claims rule that delay must be measured from the accrual of a cause of action at separation, *e.g., Brundage*, 205 Ct.Cl. at 507, 504 F.2d at 1385, absent the sort of actions by defendant noted in *Foster*, 4 Cl.Ct. at 443, that were not here present. Defendant has satisfied its burden of showing that plaintiff's delay was inexcusable.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is granted. The Clerk of the Court will dismiss plaintiff's complaint.

Costs to the prevailing party. *See* 28 U.S.C. § 2412(a) (1982); RUSCC 54(d).

IT IS SO ORDERED.