The last aspect of this protracted public taking case comes before this court on defendant’s motion for summary judgment on Count II of plaintiffs petition.[1] The decisive issue is whether plaintiffs claim is time-barred. We hold that plaintiffs cause of action accrued more than six years before the present claim was filed, and consequently grant defendant’s motion.
Plaintiff, Coastal Petroleum Company, filed its original claim against the government in 1972, alleging a taking for the public use without just compensation. The taking, plaintiff claimed, occurred when the government built a levee across certain Florida lands around Lake Okeechobee, using in the construction commercial grade limestone to which plaintiff had leased the mineral rights, and preventing plaintiff access to other limestone deposits in the surrounding lands. This claim was disposed of by this court in 1975 on summary judgment for the defendant.
Plaintiff amended its original complaint in 1974 to include a cause of action arising out of the government’s construction of the Cross Florida Barge Canal, completed seven years previously in 1967. Plaintiff again contends that the government used commercial grade limestone from lands in Citrus County, Florida, in which plaintiff held the mineral rights. It also alleges that the Cross Florida Barge Canal prevents access by plaintiff to other limestone deposits in the lands surrounding the canal. Plaintiff *866 therefore claims compensation for the alleged taking of its property by the government.
Defendant argues in its motion for summary judgment on the amended complaint that plaintiffs claim, if any, accrued no later than at the time the Barge Canal was completed in 1967 and thus is barred by the applicable statute of limitations. Plaintiff alleges that it was unaware of its potential cause of action arising from the construction of the Barge Canal until "July or August of 1974” and thus it has timely filed its petition with this court.
This court has jurisdiction to hear a claim against the United States that is filed within six years after the cause of action accrues. 28 U.S.C. § 2501. Generally, a claim first accrues, and the statute of limitations begins to run, when all the events have occurred which fix the alleged liability of the United States and entitle the claimant to institute an action. Japanese War Notes Claimants Ass’n v. United States, 178 Ct.Cl. 630, 373 F.2d 356, cert. denied, 389 U.S. 971 (1967). As this court pointed out in Japanese War Notes, there are certain instances in which the running of the statute will be suspended when an accrual date has been ascertained, but plaintiff is unaware of his potential cause of action. Plaintiffs ignorance of a claim of which he should be aware, however, is not enough to toll the statute. Id. at 634, citing, inter alia, Navajo Freight Lines, Inc. v. United States, 176 Ct.Cl. 1265 (1966); Thomas v. United States, 125 Ct.Cl. 76 (1953). In order to show that its ignorance of the facts is excusable, plaintiff must show either that defendant has concealed its acts with the result that plaintiff was unaware of the existence of a cause of action or that the nature of plaintiffs injury was such that it was inherently unknowable at the time the cause of action accrued. Japanese War Notes, supra, at 634, 373 F.2d at 635; Spevack v. United States, 182 Ct.Cl. 884, 390 F.2d 977 (1968).
Plaintiff has made no argument that the United States attempted to conceal its construction of the Canal. Such an argument is untenable in the face of the intense public controversy created by Congress’ appropriation of funds for the project, and the detailed coverage of the construction of the Canal in both the state and national press. More importantly, plaintiff does not contend that its injury was *867 inherently unknowable. The injury to one’s mineral rights caused by construction of a Canal over the land in which these rights are leased is obviously knowable.[2] The objective criteria— concealment and inherent knowableness of the facts — determine the commencement of running of the statute; whether plaintiff knew, or by due diligence should have known, of its injury is not an issue in these circumstances.
Plaintiff alleges, however, that it was simply ignorant of the injury to its mineral rights until 1974, although it admits in its response to defendant’s motion that it was aware that the Canal was being constructed. Where the actions of the government are open and notorious, we have pointed out that plaintiff is on inquiry as to its possible injury. Kabua Kabua v. United States, 212 Ct.Cl. 160, 164-65, 546 F.2d 381, 383 (1976), cert. denied, 434 U.S. 821 (1977). Once plaintiff is on inquiry that it has a potential claim, the statute of limitations begins to run. Japanese War Notes, 178 Ct.Cl. at 634, 373 F.2d at 359. Accord, Braude v. United States, 218 Ct.Cl. 270, 585 F.2d 1049 (1978). In the present case, plaintiff was a Florida corporation, with an office staffed by a high-ranking corporate officer in Tallahassee, Florida. The defendant has supplied numerous articles from state and national news media to show that the building of the Canal was indeed open and notorious. Plaintiff itself has admitted that it was aware of the construction of the Canal. These circumstances make it amply clear that plaintiff was on inquiry as to the threat to its property rights.
Plaintiff has produced in its response to defendant’s motion no evidence of any circumstances that might explain its assertion that it was ignorant of its alleged injury until "July or August of 1974.”[3] Therefore, and *868 because of the foregoing facts, we conclude that defendant has met its burden of showing that the claim presented in this action is time-barred.
All other responsive arguments raised by plaintiff, although not directly addressed by this order, have been considered and found to be without merit.
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is granted and plaintiffs petition as to Count II is dismissed.
Plaintiffs motion for rehearing was denied November 6, 1981; plaintiffs petition for a writ of certiorari was denied April 5,1982.

 The first count was dismissed in 1975 on defendant’s motion for summary judgment. Coastal Petroleum Co. v. United States, 207 Ct.Cl. 701, 524 F.2d 1206 (1975).

 The court gave as an example of an inherently unknowable injury, when defendant delivers the wrong type of fruit tree to plaintiff and the wrong cannot be determined until the tree beam fruit. Japanese War Notes Claimants Ass’n v. United States, 178 Ct.Cl. at 634, 373 F.2d at 359.

 Contrary to its contentions, plaintiff is required to show that there is some material issue of fact once defendant has met its initial burden of proving that none exists. Rule 101(f) of the rules of this court provides in relevant part:
When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set *868 forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.