BALDWIN, Circuit Judge.
 

 Robert S. Willcox, Francis J. Wyborski, and Vincent P. Surwilo join in this appeal from decisions of the United States Claims Court granting the government’s motion
 
 *744
 
 for summary judgment in each of their respective cases. Appellants seek military pay and allowances as a result of their allegedly wrongful separations from the United States Air Force. The court ruled that appellants’ cases were barred by the six-year statute of limitations. 28 U.S.C. § 2501. We affirm.
 

 The facts in this case are set forth in the opinion below,
 
 Willcox v. United States,
 
 3 Cl.Ct. 83 (1983), and familiarity with it is presumed. The opinions in the cases of Wyborski and Surwilo were not published because there was no material difference between those cases and
 
 Willcox.
 

 Plaintiff Willcox was a reserve officer in the United States Air Force serving on active duty until June 30, 1975, when he was released from active duty because he had been twice considered but not selected for promotion to the temporary grade of major. He was considered but not selected for promotion by boards convening on September 17, 1973 and October 7, 1974. Plaintiff filed his petition in the United States Court of Claims on September 30, 1982, seven years and three months after the date of his discharge.
 

 Appellant Wyborski was a reserve officer serving on active duty in the United States Air Force until May 31, 1974, when he was released from active duty after being twice considered but not selected for promotion to the temporary grade of major. He was considered but not selected by boards which convened August 21, 1972 and September 23, 1973. He filed his petition in the Claims Court on December 6, 1982, eight years and six months after the date of his discharge.
 

 Appellant Surwilo was also a reserve officer serving on active duty in the United States Air Force until June 30, 1975, when he was likewise released from active duty because of having been twice considered but not selected for promotion to the temporary grade of major by the same boards which considered appellant Willcox. Sur-wilo’s petition was filed in the Court of Claims on May 20, 1982 (the case was then transferred to the succeeding United States Claims Court on October 1, 1982). The petition was filed ten days short of seven years after the date of his discharge.
 

 OPINION
 

 In each case appellant’s claim is based on allegations that the board or boards that considered him for promotion were not properly constituted in that they did not contain an “appropriate” number of reserve members as required by 10 U.S.C. § 266. See
 
 Stewart v. United States,
 
 611 F.2d 1356, 222 Ct.Cl. 42 (1979). Appellants allege that the Air Force deliberately concealed this fact from them and this wrongful action tolled the statute of limitations so that their claims are not time barred.
 

 The Claims Court correctly placed the burden of proof upon appellants to show that appellee had fraudulently concealed the composition, by component, of the promotion boards.
 
 See Welcker v. United States,
 
 752 F.2d 1577 (Fed.Cir.1985). The Claims Court found that, assuming the promotion boards in question were not properly constituted, the appellants did not present evidence which would justify a decision that the statute of limitations had been tolled. The Claims Court pointed out that appellants’ evidence of fraudulent concealment consisted of affidavits stating that each appellant had no reason to believe that the boards were improperly constituted. The court also noted that no evidence had been presented that appellants had taken any action to ascertain the composition of the boards; nor was there any indication that this information would not have been furnished on request. Further, the court found that “the Air Force plainly did not fraudulently conceal (or try to obscure) the ‘component composition’ of these boards in general.”
 
 Willcox v. United States, 3
 
 Cl.Ct. 83, 87 (1983).
 

 Appellants concede that the Air Force released “nearly everything” about its promotion boards, but allege that the Air Force’s refusal to release the names of individual officers on the promotion boards amounted to fraudulent concealment of the
 
 *745
 
 number of reserve officers on the boards. The Claims Court made a contrary determination. The basis of this finding was that the Air Force has implemented policy changes that allowed increasingly ready access to the names of promotion board members. The court found that prior to 1971, the names of members of Air Force selection boards were not released. The stated reason for that policy was to preclude harassment of the selection board members. From 1971 to 1975 the names of such board members were freely available upon request. From at least March of 1975, the names of members of the Air Force selection boards were published. Given the name of an officer on the promotion board, the court found that one may check the Air Force register to determine whether the officer is of the regular or reserve component. We agree with the Claims Court that appellants’ evidence of fraudulent concealment is insufficient as a matter of -law. Further, appellants cite no legal authority for their position that the Air Force had a “paternal duty” to affirmatively inform them of the composition of the past promotion boards in the wake of the
 
 Stewart
 
 decision, and we imply none. Accordingly, the Claims Court’s dismissal of these cases as untimely is
 
 affirmed.
 

 AFFIRMED