Larry L. LOWE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 266–89C.

United States Claims Court.

June 26, 1990.

**694**

Sidney Ezra, Chicago, Ill., atty. of record, for plaintiff.

William K. Olivier, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant. David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Lt. Colonel Mark A. Steinbeck and Major Robert C. McFetridge, Judge Advocate General's Office, Dept. of the Army, of counsel.

## ORDER

FUTEY, Judge.

This military pay case is before the court on defendant's motion to dismiss the complaint on the grounds that the action is barred by the statute of limitations, 28 U.S.C. § 2501 (1982). Oral argument was held on June 15, 1990.

Plaintiff, Larry L. Lowe, enlisted in the U.S. Army in 1963. In May 1970, plaintiff

was appointed as a warrant officer and assigned to 3 years active duty in Vietnam. On May 21, 1971, with 2 years remaining on his active duty tour, plaintiff was discharged from the Army. The discharge was effected through a DD Form 214, REPORT OF TRANSFER OR DISCHARGE, which plaintiff signed. Plaintiff, however, alleges that he did not think he was discharged, but thought he was released from active duty on May 21, 1971. In support, plaintiff points to installation clearance papers [1] and a final pay voucher, also dated May 1971, which indicate his status as released from active duty. In addition, every 6 months since 1971, plaintiff claims he has completed reports informing the Army of his status. Nevertheless, beginning on September 1, 1971, plaintiff worked for a number of years as a police officer. During this period, plaintiff also worked part-time as a helicopter pilot broadcasting traffic reports for a radio station.

In 1983, plaintiff reenlisted in the Army as a specialist.[2] Plaintiff states that he first learned of his discharge in March 1986 from his career counselor. In December 1986, he applied to the Army Board for Correction of Military Records (ABCMR) seeking reinstatement to his former warrant officer position. The ABCMR denied plaintiff's application. It concluded that plaintiff should have discovered the alleged error when he signed the report of his discharge on May 21, 1971, and should have filed his claim within the 3–year period set by 10 U.S.C. § 1552(b) (1982). On February 27, 1989, the ABCMR denied plaintiff's request for reconsideration.

In his complaint, filed in this court on May 10, 1989, plaintiff alleges that his discharge in May 1971 was wrongful. He contends that the 6–year limitations period for filing claims pursuant to 28 U.S.C. § 2501 (1982), should be tolled on either of two grounds: First, because defendant concealed the discharge; and/or second, be-

---

**1.** The clearance papers were signed by plaintiff on May 19, 1971, upon leaving the Fort Jackson, South Carolina, installation. These documents state that he relinquished control of all classified documents and discharged all debts.

**2.** Papers from plaintiff's Army personnel file indicate that he reenlisted as a specialist on January 22, 1983, and voluntarily returned to active duty as a sergeant on October 24, 1983.

cause the cause of action was unknowable at the time it accrued. Plaintiff seeks back pay and privileges and reinstatement to his former warrant officer position.

### Discussion

■ In its motion to dismiss, defendant correctly asserts, and plaintiff does not dispute, that the 6 year statute of limitations began to run at the time of plaintiff's discharge on May 21, 1971.[3] In wrongful discharge cases, the cause of action accrues upon the discharge. *Kirby v. United States*, 201 Ct.Cl. 527, 531 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct 2626, 41 L.Ed.2d 224 (1974); *Collins v. United States*, 14 Cl.Ct. 746, 751, *aff'd*, 865 F.2d 269 (Fed.Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 3222, 106 L.Ed.2d 572 (1989); *Williams v. United States*, 3 Cl.Ct. 1, 2 (1983); *Monningh v. United States*, 1 Cl.Ct. 427, 428 (1983). Once the action accrues, Congress allows 6 years in which to file a claim. *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–78 (Fed.Cir.1988).

■ The court has tolled the statutory period in certain instances when an accrual date has been ascertained, but plaintiff has no knowledge of his entitlement to a claim. Plaintiff's ignorance of a claim of which he should be aware is never sufficient to toll the statute. *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 634, 373 F.2d 356 *cert. denied*, 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967), *reh'g denied*, 390 U.S. 975, 88 S.Ct. 1020, 19 L.Ed.2d 1192 (1968); *Willcox v. United States*, 3 Cl.Ct. 83, 84–85 (1983), *aff'd*, 769 F.2d 743 (Fed.Cir.1985).

■ As a prerequisite for extending the statutory period "plaintiff must show ... that defendant has concealed its acts with

the result that plaintiff was unaware of the existence of a cause of action...." *Coastal Petroleum Co. v. United States*, 228 Ct.Cl. 864, 866 (1981), *cert. denied*, 456 U.S. 915, 102 S.Ct. 1770, 72 L.Ed.2d 174 (1982). Plaintiff must show that defendant deliberately concealed his discharge. *Collins*, 14 Cl.Ct. at 752; *see Welcker v. United States*, 752 F.2d 1577, 1580 (Fed.Cir.), *cert. denied*, 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985). Plaintiff contends that defendant concealed the discharge through an erroneously identified message.[4] As defendant points out, however, the fact that the Army may have made an unintentional mistake is not enough to establish concealment. "Mere administrative confusion, without more, does not constitute fraudulent concealment." *Collins*, 14 Cl.Ct. at 752. Consequently, the court declines to find a tolling of the statute of limitations here under a concealment theory.

The statutory period also may be extended if plaintiff shows "that the nature of ... [his] injury was such that it was inherently unknowable at the time the cause of action accrued." *Coastal Petroleum Co.*, 228 Ct.Cl. at 866; *Welcker*, 752 F.2d at 1580. Plaintiff argues that the cause of action was unknowable at the time it accrued because the Army required that he submit periodic status reports, and misled him with the conflicting documents about his status.

■ The test of whether a claim is inherently unknowable refers to the nature of injury giving rise to the claim. "Plaintiff does not (and could not successfully) contend that his 'injury' was 'inherently unknowable'; 'the injury resulting from a termination of [active military service] is

---

3. Plaintiff states that the ABCMR acted arbitrarily and erroneously in failing to consider his application because it was not filed in the time period required by 10 U.S.C. § 1552(b) (1982). The time constraints on filing with the ABCMR, however, do not control the issue of when a cause of action accrues for purposes of jurisdiction in the Claims Court. Further, this court follows the view that resort to a correction board is a permissive step that does not suspend the running of the statute. *Hurick v. Lehman*, 782 F.2d 984, 987 (Fed.Cir.1986).

4. The message which stated that plaintiff was discharged was incorrectly identified in his DD Form 214 as PO116312 Dec 70 instead of O11631Z Dec 70. The number indicates the date and time of the transmission of the message, which was December 1, 1970, at 1631 hours, Zulu time (the military equivalent of Greenwich Mean time). Because of the clerical error, the Army had difficulty tracking it down in response to plaintiff's requests.

**696**

obviously 'knowable'.' " *Willcox*, 3 Cl.Ct. at 85, quoting *Braude v. United States*, 218 Ct.Cl. 270, 274, 585 F.2d 1049 (1978); *Collins*, 14 Cl.Ct. at 752; *see also Huntzinger v. United States*, 9 Cl.Ct. 90, 96 (1985), *aff'd*, 809 F.2d 787 (Fed.Cir.1986), *cert. denied*, 483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766, *reh'g denied*, 483 U.S. 1056, 108 S.Ct. 32, 97 L.Ed.2d 820 (1987). In accordance with this precedent, the court cannot toll the statute on the grounds that plaintiff's injury was inherently unknowable, because the injury inflicted by a discharge is knowable.

It is clear to this court that in 1971 plaintiff should have known of his claim. On May 21, 1971, plaintiff signed a DD Form 214 which indicates that he was discharged, not released, from active duty. Plaintiff possesses installation clearance papers and a final pay voucher which indicate that he was released from active duty on this date. The inconsistency between these documents should have put him on notice of his potential claim in 1971.

Pursuant to 28 U.S.C. § 2501 (1982), the time to file this claim expired on May 21, 1977. Plaintiff has not shown that he is entitled to a tolling of the statute under a concealment theory or on the grounds that the cause of action was inherently unknowable at the time of its accrual.

For the reasons set forth above, defendant's motion to dismiss is granted. The Clerk is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.