925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry L. LOWE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5149.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1991.
 
 Before RICH, MAYER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The order of the United States Claims Court dismissing Lowe's complaint as barred by the statute of limitations, 28 U.S.C. Sec. 2501 (1988), is affirmed. See 20 Cl.Ct. 693 (1990).
 
 OPINION
 
 2
 28 U.S.C. Sec. 2501 requires every claim over which the Claims Court has jurisdiction to be filed within six years after the claim first accrues. Lowe's action for wrongful discharge accrued on the date of his discharge, May 21, 1971. Kirby v. United States, 201 Ct.Cl. 527, 531 (1973). DD Form 214, the "Report of Transfer or Discharge" that Lowe signed on that date, clearly identifies the type of transfer or discharge as "DISCHARGED". Since Lowe did not file his complaint for reinstatement and back pay until May 10, 1989, it is barred unless the statute can be equitably tolled.
 
 
 3
 To be entitled to tolling, Lowe "must show either that [the government] has concealed its acts with the result that [he] was unaware of the existence of a cause of action or that the nature of [his] injury was such that it was inherently unknowable at the time the cause of action accrued." Coastal Petroleum Co. v. United States, 228 Ct.Cl. 864, 866 (1981); see also Welcker v. United States, 752 F.2d 1577, 1580 (Fed.Cir.1985). Neither scenario is plausible here. The misidentification of a defense department message on form DD 214, together with installation clearance papers and a final pay voucher issued in May 1971 that indicated Lowe's status as "released" from active duty rather than "discharged", do not establish active concealment on the part of the government. At most, they constitute inadvertent error or administrative confusion. Neither justifies tolling the statute. Nor is the injury flowing from a wrongful discharge "inherently unknowable." See Braude v. United States, 218 Ct.Cl. 270, 274 (1978).
 
 
 4
 Finally, the fact that the Army neither paid Lowe nor gave him further assignments after his discharge in May of 1971 should have put him on notice that it considered their relationship over. That Lowe did not, and that he thereafter continued to report his whereabouts and activities to the Army, do not excuse his untimely filing.