949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edna J. DAWES, Johnson Harrison, Lena P. Tsosie, Teddy
Victor, Jose Garcia and Esther Valdez, Plaintiffs-Appellants,
v.
UNITED STATES of America and Manuel Lujan, Defendants-Appellees.
 No. 91-1107.
 United States Court of Appeals, Federal Circuit.
 Oct. 1, 1991.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Plaintiffs-appellants, individual Navaho Indians, appeal the judgment of the United States District Court for the District of New Mexico, dismissing their suits on the ground that their claims were barred by the statute of limitations. Dawes v. United States, No. 88-1182-M Civil (D.N.M., Sept. 4, 1990). Because the court neither adequately explained the reasoning supporting its dismissal nor made any explicit factual findings to support its ultimate conclusion, without which its decision is effectively unreviewable on appeal, we vacate and remand.
 
 DISCUSSION
 
 2
 This case involves special deposit accounts maintained by the Bureau of Indian Affairs ("BIA") which were established to hold royalty and lease payments made by oil and gas companies respecting individual Indians' land. Each of the appellants was entitled to all funds creditable to his account, including interest. Prior to April 1981, however, interest earned on the account balances was placed into a BIA administrative account, from which funds were expended by BIA for its own general purposes. On April 1, 1981, the BIA changed its distribution practice and thereafter any interest earned was credited along with principal to the appropriate individual accounts.
 
 
 3
 Appellants brought suit in the U.S. District Court for the District of New Mexico against the government and the Secretary of the Interior, claiming that BIA's spending of the pre-April 1981 interest represented a taking of their property, in violation of the Fifth Amendment and in breach of the government's fiduciary trust obligations toward them. The government moved to dismiss on the ground, inter alia, that the claims were barred by the statute of limitations. According to the government, the statutory clock began running when an Interior Department memorandum discussing the BIA practice was issued in November 1967--almost 21 years prior to the commencement of this suit. The government further contended that even if the Interior Department's memorandum did not start the clock, it nevertheless began running when notices were published in the Federal Register announcing the BIA's new policy for distributing the interest payments. These notices were published in 1980, approximately eight years before appellants brought suit. According to the government, the notices should have indicated to the individual account holders that prior thereto, interest was not being credited, giving rise to their claims or at least putting them on notice to inquire as to any injury.
 
 
 4
 In its opinion, the district court initially noted that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues," 28 U.S.C. § 2401(a) (1978), and that "[w]here government activities are open and notorious, the claimant is 'on inquiry as to its possible injury,' " Dawes, slip op. at 2-3 (quoting Coastal Petroleum Co. v. United States, 228 Ct.Cl. 864, 867 (1981)). However, the court explained, the statute is tolled if "the government fraudulently or deliberately conceal[ed] material facts relevant to a plaintiff's claim so that the plaintiff could not have discovered the basis of his claim." Id. at 3 (citing Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988)). Nevertheless, the court made no findings of fact on any of these legal points. After listing, without discussing, appellants' various contentions that the government's conduct either did not trigger or should have tolled the statute and that it was unreasonable to attribute knowledge of these documents to appellants, the court, without any separate analysis, concluded simply that these arguments, en bloc, were "unpersuasive." Id. at 4.
 
 
 5
 While we often acknowledge that as an appeals court we review judgments not opinions, an opinion must still contain sufficient factual findings and legal reasoning to permit appellate scrutiny. And although we can imply fact findings that were clearly necessary to a court's judgment, Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 872-73, 228 USPQ 90, 97 (Fed.Cir.1985) (quoting ACS Hosp. Sys. v. Montefiore Hosp., 732 F.2d 1572, 1578 (Fed.Cir.1984)), we cannot do so here as there were several alternatives, some of which might be sustainable and support the judgment while others might not. We therefore must conclude that the court's findings and reasoning are so lacking that "meaningful appellate review is not possible." Oakley, Inc. v. International Tropi-Cal, Inc., 923 F.2d 167, 168 (Fed.Cir.1991), remanding for findings and citing ACS Hosp. Sys., 732 F.2d at 1578.
 
 
 6
 As noted above, neither findings nor an explanation for the court's summary conclusion that the claimants' arguments are "unpersuasive" are contained in the opinion. Yet, the necessity of some sort of explanation is especially crucial where, as here, dismissal is based not on a failure of pleading by appellants, but on an affirmative defense pled by the government. The burden was not on the appellants to disprove the inapplicability of the statute of limitations, but on the government to prove that it bars this action. See Harrison v. Thompson, 447 F.2d 459, 460 (5th Cir.1971) ("[T]he statute of limitations [is] an affirmative defense. The burden of proof was therefore on [the defendant] to plead such defense affirmatively and to establish it by proof."). The district court's opinion, however, made no findings that the government proved that the statute was triggered, when it began to run, or why it was not tolled; rather, it merely quoted case law on the proper application of the statute to claims against the government. For "meaningful appellate review" of a claim such as this, we must have some indication of the step-by-step reasoning the district court undertook to reach its conclusion. Cf. Lockert v. United States Dep't of Labor, 867 F.2d 513, 517 (9th Cir.1989) (even though not required to give "detailed reasons" under the Administrative Procedure Act, the basis of an agency's decision must still be " 'sufficiently clear so that a court is not required to speculate as to its basis.' " (citation omitted)); Getty v. Federal Sav. and Loan Ins. Corp., 805 F.2d 1050, 1055 (D.C.Cir.1986) ("cryptic assertions" are not explanations; an agency "must provide the court an explanation sufficient to allow [it] to properly carry out [its] review." (citation omitted)). Such an indication could be gleaned in this case from specific findings on how the government proved the elements of its affirmative defense, and explanations why the appellants' various arguments that the statute was tolled are without basis.
 
 
 7
 Therefore, on remand the court should find any controlling facts and provide reasons for its determination that the statute of limitations bars appellants' claims and was not tolled.
 
 COSTS
 
 8
 Each party is to bear its own costs.