Gordon JONES, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90-1242.

United States Claims Court.

Feb. 20, 1992.

Stephen M. Pfarrer, Dayton, Ohio, for plaintiff.

Samuel C. Watkins, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss the complaint as barred by the statute of limitations, 28 U.S.C. § 2501 (1990).

### FACTS

On June 29, 1979, plaintiff enlisted in the United States Army. Prior to the expiration of his initial term of service he reenlisted for an additional four years and received a lump-sum reenlistment bonus of $4,462.50. Following his reenlistment plaintiff twice received punishment under Article 15 of the Uniform Code of Military Justice for drunk and disorderly conduct, resisting apprehension, and drunken driving. Plaintiff was thereafter referred to the Army's Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). It is undisputed that while in the ADAPCP plaintiff drove while intoxicated and failed four urine tests. As a result plaintiff was discharged from the Army on January 28, 1983. Plaintiff received written notice of his discharge and formally waived his op-

portunity to contest the separation and his right to counsel. Because the discharge occurred prior to Mr. Jones' completion of his four year reenlistment term, the Army began action to recoup the unearned portion of the bonus.

Two years later, on or about March 3, 1985, plaintiff was informed that the urinalyses which served as the basis for his discharge, had been found unreliable. Plaintiff applied to the Army Board for Correction of Military Records for an upgrade of his discharge status from "General under Honorable Conditions" to "Honorable" and for termination of the bonus recoupment action, but was unsuccessful. Plaintiff filed his complaint in this court on September 24, 1990.

## DISCUSSION

■ The facts are not in dispute. Defendant brought this motion to dismiss on grounds that plaintiff's complaint is time-barred because the statute of limitations began on the date plaintiff was discharged from the service. The law clearly states that claims before this court are barred "unless they are filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1990). In the Claims Court, the statute of limitations is jurisdictional and will be strictly construed. *Soriano v. United States*, 352 U.S. 270, 273–74, 77 S.Ct. 269, 271–72, 1 L.Ed.2d 306 (1957); *Williams v. United States*, 3 Cl.Ct. 1, 1 (1983). For the purpose of determining jurisdiction, a claim first accrues "when all events have occurred which fix the government's liability and entitle the claimant to institute an action." *Steiner v. United States*, 9 Cl.Ct. 307, 310 (1986).

■ In military discharge cases this court has consistently held that the action accrues upon discharge. *Wilson v. United States*, 231 Ct.Cl. 958 (1982); *Lowe v. United States*, 20 Cl.Ct. 693, 695 (1990); *Kirby v. United States*, 201 Ct.Cl. 527, 531 (1973), *cert. den.* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). In this case, plaintiff's discharge occurred on January 28, 1983. It was not until September 24, 1990, a little less than eight years after his discharge, that plaintiff filed this complaint. Administrative action by the Army Board for the Correction of Military Records is not a jur-

isdictional prerequisite to judicial relief and does not toll the running of the statute of limitations. *See Hurick v. Lehman*, 782 F.2d 984 (Fed.Cir.1986).

■ This court has held that the statute of limitations may be extended when plaintiff has no knowledge of the claim. *Lowe v. United States*, 20 Cl.Ct. 693, 695 (1990). However, plaintiff must show an act of concealment on the part of defendant. *Id.* at 695. When an act of concealment by the defendant is found the "statute will not begin to run until the plaintiff learns or reasonably should have learned of his cause of action." *Japanese War Notes Claimants v. United States*, 178 Ct.Cl. 630, 634, 373 F.2d 356, 358 (1967). In *Huntzinger v. United States*, 9 Cl.Ct. 90 (1985), *aff'd*, 809 F.2d 787 (Fed.Cir.1986), *cert. den.*, 483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766 (Fed.Cir.1987), this court explained:

A plaintiff's ignorance as to the existence of a claim of which he should have been aware is, however, in itself far from enough to extend the statutory period. As a prerequisite to obtaining any such relief, 'plaintiff must show either that defendant has concealed its acts with the result that plaintiff was unaware of the existence of a cause of action or that the nature of the plaintiff's injury was such that it was inherently unknowable at the time the cause of action accrued.' *Willcox v. United States*, [3 Cl.Ct. 83, 85 (1983), *aff'd*, 769 F.2d 743 (Fed.Cir. 1985)].

In order to successfully toll the statute of limitations under a concealment theory, courts have required plaintiffs to plead affirmatively and to show deceptive or fraudulent concealment that induces justifiable reliance and delay in bringing an action.

*Huntzinger*, 9 Cl.Ct. at 95.

Plaintiff made no assertion nor any showing that the Army fraudulently concealed information from him. Instead, plaintiff argued that the statute of limitations accrued, not at the point of separation, but rather at the point when plaintiff learned of the unreliable urine tests.

Plaintiff, relying on *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), asserted that this information alerted him to his legal claim because it "armed [him] with the facts about the harm done to him...." *Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360. Therefore, plaintiff contended that his complaint was filed within the statute of limitations. However, the court in *Kubrick* held that a plaintiff can protect himself and bring a timely claim by "seeking advice in the medical and legal community." *Id.* The facts in this case indicate that plaintiff had the necessary tools to protect himself, yet waived the opportunity.

Plaintiff has not come forward with sufficient evidence that the Army fraudulently concealed information from him. Because plaintiff did not bring suit in this court until over seven years after the cause of action accrued, plaintiff's claim is forever time barred.

## CONCLUSION

The court sympathizes with the plaintiff having to run a gauntlet of bureaucratic confusion. It is understandable that plaintiff was confused by the determination that the urinalyses were faulty; nevertheless, such confusion does not toll the statute of limitations. Moreover, plaintiff has not presented sufficient evidence that the defendant fraudulently misled the plaintiff or concealed records from the plaintiff. Clearly, plaintiff should have known of his claim. In 1983, plaintiff not only acknowledged his discharge by signing his separation papers, but he also chose to waive his right to challenge the discharge and his right to counsel. Those documents put plaintiff on notice of his claim.

Pursuant to 28 U.S.C. § 2501 (1990), plaintiff's time to file this claim expired on January 28, 1989. Accordingly, the Clerk is directed to dismiss the complaint with prejudice. Each party will bear its own costs.

IT IS SO ORDERED.