**Gary Patrick CALLAHAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 00–538C.**

United States Court of Federal Claims.

June 14, 2001.

---

Gary Patrick Callahan, pro se, for the plaintiff.

David R. Feniger, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom on the brief were, David M. Cohen, Director, Deborah A. Bynum, Assistant Director, and David W. Ogden, Acting Assistant Attorney General, and Peter Gregory, Associate General Counsel, Immigration and Naturalization Service, for the defendant.

## OPINION

MARGOLIS, Senior Judge.

This action is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(4). Gary Patrick Callahan ("plaintiff") seeks reimbursement for alleged sick leave and annual leave accrued during employment with the federal government, plus interest, under 5 U.S.C. § 5551(a)–(b) (2001) ("Section 5551"). After consideration of the briefs, defendant's motion to dismiss for failure to state a claim is *granted.*

### FACTS

Plaintiff was a United States Border Patrol agent for the Immigration and Naturalization Service ("INS") from January 5, 1971 until 1990, when he was terminated from duty following a felony drug charge arrest. He was subsequently imprisoned from 1990 until his trial in 1993 when he was found guilty and sentenced to 27½ years in Federal prison. Plaintiff has been imprisoned continuously since October 1990. At the time of his termination from duty, plaintiff alleges that he had accrued approximately 1,200 hours of sick leave and approximately 430 hours of annual leave for which he was never compensated. He further alleges that he sent many written inquiries to his immediate supervisors and various individuals at INS regarding his entitlement to the alleged leave. According to plaintiff, the INS never responded, despite confirmation by registered return receipt that at least one letter was received by the INS Administrative Appeals Office on May 16, 2000. Plaintiff maintains that to the best of his knowledge, no forfeiture proceeding was issued against the leave, and on September 5, 2000 he initiated this action for reimbursement of accrued leave under Section 5551.

### DISCUSSION

**I.  Subject Matter Jurisdiction**

This Court is a court of limited jurisdiction but obtains jurisdiction over mone-

tary claims against the federal government under the Tucker Act, 28 U.S.C. § 1491. *See* 28 U.S.C. § 1491(a)(1) (2000) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"); *United States v. Testan,* 424 U.S. 392, 397–99, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Thus, the Tucker Act confers jurisdiction only when there is an existing substantive right to money currently due and owing. *See Testan,* 424 U.S. at 398, 96 S.Ct. 948. The government alleges that this Court does not have jurisdiction over plaintiff's reimbursement claim because plaintiff has failed to point to some money-mandating statute or regulation that has been violated, and there is no existing substantive right to money currently due and owing.

Plaintiff alleges jurisdiction pursuant to Section 5551(a), which entitles an employee to receive a lump-sum payment for accumulated annual leave upon separation from federal service. *See* 5 U.S.C. § 5551(a). This Court finds that Section 5551 is money-mandating in nature and can confer jurisdiction in this case. The government argues, however, that Section 5551 is not applicable to plaintiff's claim because the claim is barred by the applicable statute of limitations, and therefore he cannot demonstrate the existence of a substantive right to money currently due and owing. *See Testan,* 424 U.S. at 398, 96 S.Ct. 948.

Although, as discussed below, plaintiff's claim is barred by the applicable statute of limitations, this Court is not precluded from hearing plaintiff's claim. At the very least, jurisdiction arises in this case under the Tucker Act as a result of plaintiff's statutory employment with the government. There-fore, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.[1]

## II. *Failure To State A Claim Upon Which Relief Can Be Granted*

In deciding a Rule 12(b)(4) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must construe the allegations in the complaint favorably to the plaintiff and draw all reason inferences in favor of the plaintiff. *See Perez v. United States,* 156 F.3d 1366, 1370 (Fed. Cir.1998). A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The government alleges that plaintiff's complaint must be dismissed because plaintiff's claim is barred by the applicable statute of limitations. This Court only has jurisdiction over actions that are brought within six years after the claim first accrues. *See* 28 U.S.C. § 2501 (2000) ("Section 2501"); *D'Andrea v. United States,* 27 Fed.Cl. 612, 614 (1993) ("whether the merits of a plaintiff's claim can be addressed depends upon whether suit was filed within six years of the date on which the claim first accrued"). The six-year statute of limitations requirement must be strictly construed. *See Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988).

A claim "first accrues" when "all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to institute an action." *Hopland Band of Pomo Indians,* 855 F.2d at 1577. For the purposes of Section 2501, however, a "cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have

---

**1.** Plaintiff mistakenly maintains that this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, to entertain his claim under an equitable forfeiture rationale. This Court does not have federal question jurisdiction under 28 U.S.C. § 1331, nor does it have jurisdiction to grant equitable relief for property that was forfeited unconstitutionally. *See Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *Brown v. United States,* 105 F.3d 621, 624 (Fed. Cir.1997); *Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647, 652 (2nd Cir.1998).

been aware of their existence." *Id.* (citing *Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988)).

▮▮▮ Plaintiff asks the Court pursuant to Section 5551(a)–(b) for reimbursement of his alleged leave, plus interest. When a right to payment depends on a statute, the claim first accrues on the date when the payment becomes due and is wrongfully withheld in violation of the statute. *See Sauer v. United States,* 173 Ct.Cl. 642, 646–47, 354 F.2d 302 (1965). This Court has held that a claim for monetary relief founded upon unlawful separation from active military service, accrues within the meaning of Section 2501, on the "date of the serviceman's discharge from military service." *See Willcox v. United States,* 3 Cl.Ct. 83, 84 (1983) (quoting *Monningh v. United States,* 1 Cl.Ct. 427, 428 (1983)). Thus here, plaintiff's claim first accrued when he was terminated from the INS in 1990. *See id.* Accordingly, because plaintiff's claim was filed well beyond the applicable six-year statute of limitations, his claim must be dismissed.

▮▮▮ Plaintiff asserts that the doctrine of equitable tolling excuses his failure to comply with the six-year statute of limitations. In certain limited circumstances, the running of the statute of limitations will be suspended despite the determination of the accrual date. *See Willcox,* 3 Cl.Ct. at 84. As a prerequisite to obtaining any such relief, "plaintiff must show either that defendant has concealed its acts with the result that plaintiff was unaware of the existence of a cause of action or that the nature of plaintiff's injury was such that it was inherently unknowable at the time the cause of action accrued." *Willcox,* 3 Cl.Ct. at 85 (quoting *Coastal Petroleum Co. v. United States,* 228 Ct.Cl. 864, 866 (1981), *cert. denied,* 456 U.S. 915, 102 S.Ct. 1770, 72 L.Ed.2d 174 (1982)). In *Irwin v. Department of Veterans Affairs,* the Supreme Court allowed the application of the equitable tolling doctrine to cases where: (1) "a claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"; or (2) "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department*

*of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The plaintiff bears the burden of proving the existence of an excepting circumstance and "a plaintiff's ignorance as to the existence of a claim of which he should be aware is . . . in itself far from enough to extend the statutory period." *Willcox,* 3 Cl.Ct. at 85; *Braude v. United States,* 218 Ct.Cl. 270, 274, 585 F.2d 1049 (1978) (plaintiff has the burden of proof to establish either that defendant has concealed its acts with the result that plaintiff was unaware of their existence or plaintiff's injury was inherently unknowable at the accrual date).

Plaintiff has failed to cite to any evidence in the record suggesting that the government fraudulently induced plaintiff to miss the filing deadline, that plaintiff's injury was inherently unknowable, or that plaintiff's untimely filing was the result of a timely yet defective pleading. This Court has held that the "injury resulting from a termination of employment is obviously 'knowable.'" *Braude,* 218 Ct.Cl. at 274, 585 F.2d 1049; *Willcox,* 3 Cl.Ct. at 85. Additionally, plaintiff has not filed a previous action in a wrong court or otherwise filed any pleading, let alone a defective one, within the limitations period. Lastly, there is no evidence to suggest that the government affirmatively induced plaintiff to miss the deadline. All that plaintiff points to is that the INS never contacted him or responded to any of his letters. The Supreme Court held that the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Plaintiff's numerous letters to INS show that he was aware, at the very least, of a possible claim and cause of action. "Once plaintiff is on inquiry that [he] has a potential claim, the statute can start to run." *Braude,* 218 Ct.Cl. at 274, 585 F.2d 1049 (quoting *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 634–35, 373 F.2d 356 (1967)). Plaintiff obviously believed that he might have a claim under Section 5551 or he would not have written numerous letters to the INS inquiring about his rights over a ten-year period. Further, a plaintiff does not have to be certain that he suffered a legal wrong in

order for the statute of limitations to begin to run. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1386 (3rd Cir.1994) (a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong). Moreover, the Court declines to read an equitable tolling exception into Section 2501. *See United States v. Brockamp,* 519 U.S. 347, 351–52, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (reading an equitable tolling exception into the statute that sets forth explicit exceptions to its basic time limits would work a linguistic havoc); *RHI Holdings, Inc. v. United States,* 142 F.3d 1459, 1461 (Fed.Cir.1998) ("an implied equitable exception must be found in the statute of limitations before equitable principles may be applied to a waiver of sovereign immunity"). Because plaintiff's injury is deemed obviously "knowable," plaintiff was on inquiry that he had a potential claim. Thus, the applicable statute of limitations began to run in 1990 when plaintiff was terminated from the INS.

Further, Section 2501 does not include an equitable tolling exception, and the doctrine of equitable tolling does not apply. Therefore, plaintiff's claim is dismissed because it was filed after the six-year statute of limitations period applicable under 28 U.S.C. § 2501.

## CONCLUSION

This Court finds that plaintiff has failed to state a claim upon which relief can be granted because his claim is barred by the applicable six-year statute of limitations. Thus, the government's motion to dismiss for failure to state a claim is GRANTED. The clerk shall enter judgment for the defendant. No costs.