**Gary Patrick CALLAHAN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5051.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 5, 2003.

Before MAYER, Chief Judge, NEWMAN and GAJARSA, Circuit Judges.

PER CURIAM.

Gary Patrick Callahan seeks review of the June 14, 2001, decision of the United States Court of Federal Claims, 49 Fed.Cl. 555, dismissing his claim for payment of accrued leave from the Immigration and Naturalization Service ("INS") as untimely. Because he failed to file within the statutory period, we *affirm*.

We review *de novo* whether the Court of Federal Claims possessed jurisdiction and whether the court properly dismissed for failure to state a claim, as both are questions of law. *Maher v. United States*, 314 F.3d 600, 603 (Fed.Cir.2002). Every claim over which the Court of Federal Claims has jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim accrues." 28 U.S.C. § 2501 (2000). Callahan's claim accrued on the date of his discharge in 1990. *See Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir.1986). Consequently, the statute of limitations expired in 1996 and his September 5, 2000, filing is time-barred.

A statute of limitations may be equitably tolled if "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Callahan argues that the statute of limitations should be equitably tolled here for two reasons. He contends that he pursued his administrative remedies over the ten-year period by allegedly mailing twenty-one letters to various offices of the INS seeking information regarding his accrued leave. The record, however, contains copies of only one such letter mailed to the INS in May of 2000, well beyond the limitations period. He argues that his wait for a final agency decision suspended the running of the clock. Callahan, however, failed to institute any agency action. Moreover, agency action here to recover statutory pay is permissive, *cf. Muniz v. United States*, 972 F.2d 1304, 1309 (Fed. Cir.1992), and therefore does not suspend the running of the statute, *see Hurick*, 782 F.2d at 987. His argument that the government tricked him into missing the filing deadline by failing to respond to his correspondences is also unpersuasive.

Callahan also asserts that the statute of limitations should be tolled because he was under the disability of incarceration. We think not. "Imprisonment is not a legal disability under 28 U.S.C. § 2501, which would extend plaintiff's time for filing suit." *See O'Callahan v. United States*, 196 Ct.Cl. 556, 451 F.2d 1390, 1393 (1971) (citing *Grisham v. United States*, 183 Ct. Cl. 657, 392 F.2d 980, 984 (1968)).